**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Sep 04 2014, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**SUZY ST. JOHN**
Indianapolis, Indiana

**ANDREW BEAN**
Certified Legal Intern
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AUBREY THOMPSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1307-CR-606 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Rebekah Pierson-Treacy, Judge
The Honorable Shatrese Flowers, Commissioner
Cause No. 49F19-1211-CM-78764

**September 4, 2014**

**OPINION ON REHEARING**

**RILEY, Judge**

Appellant-Defendant, Aubrey Thompson (Thompson), was convicted of public intoxication, a Class B misdemeanor, Ind. Code § 7.1-5-1-3, on June 27, 2013. She subsequently appealed. In a memorandum decision, our court overturned her conviction, finding there was insufficient evidence to prove that Thompson, while intoxicated and in a public place, had endangered either her own life or that of another person. *Thompson v. State*, No. 49A02-1307-CR-606 (Ind. Ct. App. June 4, 2014). The State has petitioned for rehearing, which we now grant for the limited purpose of clarifying our decision in light of *Thang v. State*, 10 N.E.3d 1256 (Ind. 2014).

Our supreme court issued its opinion in *Thang* three weeks after we decided Thompson's case. Like Thompson, the defendant in *Thang* was convicted of public intoxication under the endangerment prongs of the Public Intoxication (P.I.) Statute. *Thang*, 10 N.E.3d at 1257-58; *see* I.C. § 7.1-5-1-3(a)(1)-(2). The supreme court affirmed Thang's conviction because the evidence created a reasonable inference that he "had . . . driv[en] his automobile on the public streets while intoxicated, thereby endangering his or another person's life." *Thang*, 10 N.E.3d at 1260.

The State now contends that the facts of *Thang* are "indistinguishable from the present case" and, as such, our court should affirm Thompson's conviction. (Petition for Reh'g p. 1). In particular, the State argues that the element of endangerment is established from the evidence that Thompson had driven herself to her friend's apartment "in an intoxicated state and was about to drive away when police stopped her." (Petition for Reh'g

p. 2). While we acknowledge that *Thang* has impacted our initial opinion, we disagree with the State that it conclusively compels upholding Thompson's conviction.

In our memorandum decision, we reversed Thompson's conviction for two reasons. First, we found that Thompson never engaged in any affirmative conduct to place herself or another person in danger. *Thompson*, No. 49A02-1307-CR-606, slip op. at 7-8. Although the police believed that Thompson intended to drive herself while in an intoxicated state, we concluded that "speculation regarding things that *could* happen in the future is not sufficient to prove the present crime of public intoxication." *Id.* at 7 (quoting *Sesay v. State*, 5 N.E.3d 478, 485 (Ind. Ct. App. 2014), *trans. denied*). Second, we found that even if Thompson had driven herself away from the scene that night, the P.I. Statute demands more than evidence of her intoxication to prove that she endangered her own life or the life of another person. *Id.* at 10. In reaching this conclusion, we relied on the language of the Operating While Intoxicated (OWI) Statute, which provides that it is a Class C misdemeanor if an individual drives while intoxicated but elevates the charge to a Class A misdemeanor if the driver is intoxicated *and* drives in a manner that endangers a person. *Id.* at 9-10; *see* I.C. § 9-30-5-2. Because evidence of intoxication is not *per se* evidence of endangerment under the OWI Statute, we likewise found that it would be insufficient, by itself, to prove endangerment under the P.I. Statute. *Thompson*, No. 49A02-1307-CR-606, slip op. at 9-10.

However, as the State correctly asserts, our analysis of the interplay between the OWI Statute and the P.I. Statute has been nullified by *Thang*, wherein the supreme court found the two statutes to be "wholly distinguishable." *Thang*, 10 N.E.3d at 1259.

3

Accordingly, pursuant to *Thang*, even though the OWI Statute requires proof beyond the driver's intoxication to establish endangerment, the element of endangerment for the P.I. Statute is presumed when an intoxicated individual operates a vehicle. *Id.* at 1259-60. Nevertheless, we find that our first basis for reversing Thompson's conviction—that speculation as to whether she would have driven "does not demonstrate affirmative conduct causing endangerment"—is reconcilable with the supreme court's decision in *Thang*. *Thompson*, No. 49A02-1307-CR-606, slip op. at 7.

In *Thang*, a police officer stopped at a gas station and entered the restroom, during which time Thang also appeared at the gas station. *Thang*, 10 N.E.3d at 1257. When the police officer emerged from the restroom, his attention was drawn to Thang, who was exhibiting several hallmarks of intoxication, including unsteadiness, bloodshot eyes, and emitting an odor of alcohol. *Id.* The officer observed a vehicle in the gas station's parking lot that had not been there at the time he entered the restroom, and he noted that there was nobody else present who could have driven Thang. *Id.* As a result, the officer ran a check of the license plate and discovered that the vehicle was registered to Thang. *Id.* In addition, the police officer found the keys to the vehicle in Thang's possession. *Id.* From these facts, the supreme court concluded that there was a sufficient basis for the police officer to deduce that Thang was intoxicated and had been driving only moments beforehand, thereby endangering his life or the life of someone else. *Id.* at 1260.

Whereas the supreme court upheld Thang's conviction because the evidence was sufficient to infer that he had driven himself to the gas station, there is no evidence in the present case that Thompson ever drove, or even attempted to drive. *Thompson*, No. 49A02-

4

1307-CR-606, slip op. at 3, 9 n.2.  Instead, Thompson was already present at the apartment complex when police arrived in response to a domestic disturbance involving Thompson's friend.  *Id.* at 3.  After Thompson's repeated interference with the officers' investigation and their subsequent warnings, Thompson retrieved her purse from her friend's apartment and announced to the police officers that she was leaving.  *Id.*  She was immediately arrested based on the officers' assumption that she was going to get into her vehicle and drive.  *Id.*

Contrary to *Thang*, where the police officer was able to infer from the evidence that Thang had actually driven, the officers arrested Thompson based on speculation.  The sudden appearance of Thang's vehicle in the parking lot indicated that Thang had not walked, and nobody else was present who could have driven him to the gas station. Thompson, however, still *might* have walked home from the apartment complex, she *might* have called someone to come pick her up, or she *might* even have decided to sleep in her vehicle.  Furthermore, in *Thang*, there was an immediate temporal nexus between Thang's arrival at the gas station and the officer's detection of his intoxication.  *Thang*, 10 N.E.3d at 1260.  Thus, even if the State is correct in its assertion that Thompson drove herself to her friend's apartment earlier that evening, her purported endangering conduct is far too remote from the officers' observation of her impairment to infer that she had driven while intoxicated, thereby endangering herself or others in public.  Accordingly, because the evidence does not establish, either directly or by inference, that Thompson drove while intoxicated, we find that the element of endangerment has not been established beyond a reasonable doubt.  Thompson's conviction cannot stand.

<u>CONCLUSION</u>

We grant the State's petition for rehearing for the limited purpose of clarifying our analysis in light of *Thang v. State*, 10 N.E.3d 1256 (Ind. 2014). We affirm our opinion in all other respects.

ROBB, J. concurs

BRADFORD, J. dissents with separate opinion

# IN THE
# COURT OF APPEALS OF INDIANA

AUBREY THOMPSON,          )
                                     )

    Appellant-Defendant,     )
                                     )

        vs.               )    No. 49A02-1307-CR-606
                                     )

STATE OF INDIANA,         )
                                     )

    Appellee-Plaintiff.       )

**BRADFORD, Judge, dissenting.**

I agree with the majority that the evidence does not establish the "immediate temporal nexus" between past driving and present intoxication from which it would be reasonable to infer that Thompson had driven to Robinson's apartment while intoxicated. *See Tin Thang v. State*, 10 N.E.3d 1256, 1260 (Ind. 2014). However, because I believe Thompson endangered her life or that of another person by attempting to drive away from the apartment while intoxicated, I respectfully dissent. *See generally Sesay v. State*, 5

7

N.E.3d 478, 487 (Ind. Ct. App. 2014) (Bradford, J. concurring in result) (reading the definition of endangerment to require only that the individual bring himself or another into danger or peril of probable harm or loss, as opposed to actual harm or loss). The record reveals that Thompson retrieved her purse from Robinson's apartment and, *as she was leaving*, "advised [the officers] that she was going to be driving away." Tr. p. 12.

Indiana's public intoxication statute specifically "promotes public policy encouraging inebriated persons to avoid creating dangerous situations [such as] driving while intoxicated." *Thang*, 10 N.E.3d at 1259 (quoting *Stephens v. State*, 992 N.E.2d 935, 938 (Ind. Ct. App. 2012), *trans. denied*). Where, as here, an intoxicated person is leaving the company of police officers and announces her intent to drive away, that person has not been encouraged by the statute, and I do not believe police must wait for her to operate her vehicle before arresting her for public intoxication. *See id.* at 1259-60 (holding that operating a vehicle while intoxicated constitutes endangerment under Indiana's public intoxication statute).

For the foregoing reasons, I would affirm the judgment of the trial court.