On Transfer from the Indiana Court of Appeals, No. 49A04-1303-CR-110
DICKSON, Chief Justice.
Following a bench trial, defendant Tin Thang was convicted for Public Intoxication, a class B misdemeanor. He appeals his conviction, arguing that the State failed to present sufficient evidence to prove one of the statutory elements for Public Intoxication — that he had endangered himself or others. The Court of Appeals agreed and reversed Thang’s conviction. Thang v. State, 2 N.E.3d 702 (Ind.Ct.App.2013). We granted transfer and now affirm the trial court.
On December 2, 2012, police officer Michael Agresta was on patrol on the southwest side of Indianapolis. Officer Agresta was exiting the restroom of a local gas station, when the gas station attendant drew his attention to the defendant and told him that the defendant seemed intoxicated. Officer Agresta approached the defendant, who had entered the gas station while he was in the restroom, and observed that the defendant “was standing very unsteady, swaying back and forth,” had “eyes [that] were red and bloodshot,” and “smelled of an odor of alcoholic beverage.” Tr. at 7. Officer Agresta also observed that a car was now in the gas station parking lot that had not been there prior to his entering the restroom. Other than the gas station attendant and Officer Agresta, the defendant was the only other person at the gas station. Suspecting that the car belonged to the defendant, the officer ran' a vehicle license plate check, which verified that the defendant was the car owner. Officer Agresta also found the keys to the car on the defendant’s person. “Believing that [the defendant] had endangered the lives of others, including himself,” Officer Agresta placed the defendant under arrest for Public Intoxication and had the car towed because no one else was present to whom the car could be released. Id. at 8.
The defendant was convicted of Public Intoxication, a class B misdemeanor, which, in relevant part, is defined as follows:
[I]t is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication *1258 caused by the person’s use of alcohol ... if the person:
(1) endangers the person’s life;
(2) endangers the life of another person;
(3) breaches the peace or is in imminent danger of breaching the peace; or
(4) harasses, annoys, or alarms another person.
Ind.Code § 7.1-5-l-3(a) (2012). On appeal, the parties do not dispute that the defendant was intoxicated in a public place. The defendant argues, however, that the evidence was insufficient to “prove beyond a reasonable doubt that he endangered himself or anyone else.” Appellant’s Br. at 3. The State argues that evidence establishes that the defendant endangered his own life and another person’s life and also alarmed another person, any of which would support the conviction.
The Court of Appeals found the evidence insufficient to establish that defendant had endangered himself, endangered others, or alarmed another person. As to the “alarms another person” element, we summarily affirm the Court of Appeals. We granted transfer, however, to address whether the proof of the endangerment element can be established by reasonable inferences drawn from the evidence.
When an appellate court reviews the sufficiency of the evidence needed to support a criminal conviction, it neither reweighs evidence nor judges the credibility of witnesses. Bailey v. State, 907 N.E.2d 1003, 1005 (Ind.2009). The appellate court only considers “the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence.” Id. (quoting Henley v. State, 881 N.E.2d 639, 652 (Ind.2008)). A conviction will be affirmed if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Bailey, 907 N.E.2d at 1005. A verdict of guilt may be based upon an inference if reasonably drawn from the evidence. See Drane v. State, 867 N.E.2d 144, 147 (Ind.2007).
In a rare departure from this general rule allowing fact-finders to draw reasonable inferences, we have, however, recognized an exception in cases involving the element of “endangerment” in the offense of Operating a Vehicle While Intoxicated [OWI] as a class A misdemeanor.[1] Outlaw v. State, 929 N.E.2d 196, 196 (Ind.2010), expressly adopting Outlaw v. State, 918 N.E.2d 379 (Ind.Ct.App.2009). In Outlaw, we acknowledged that prior decisions had found that a showing of intoxicated driving, without more, was adequate to prove endangerment. 918 N.E.2d at 382, expressly adopted by 929 N.E.2d at 196. Responding to a 2001 statutory amendment that had expanded the penal alternatives for OWI to create a class C misdemeanor level of the offense that excluded the “endangerment” element, while retaining this element for the offense as a class A misdemeanor, Outlaw held that, to support a conviction for OWI as a class A misdemeanor, “the State was required to submit proof of ‘endangerment’ that went beyond mere intoxication.” Id. at 382. This unique holding was necessary to give separate effect and meaning to the legislative changes that created independent penal consequences for OWI depending on whether it involved “endangerment” (a class A misdemeanor) or not (a class C *1259 misdemeanor). Outlaw pointed out that the State cannot claim that the same evidence that proves the class C misdemean- or also proves the additional element of endangerment for the class A misdemean- or. Id. at 381. Construing the OWI statute in this way expanded the ability of law enforcement to deter and prosecute driving while intoxicated. An intoxicated driver could thus be apprehended for a class C misdemeanor if he or she simply operated a vehicle, but an intoxicated driver would be subject to conviction for a class A misdemeanor if the manner of operation endangered a person. Nothing in Outlaw, however, suggests that the Court intended a general retreat from the deeply entrenched rule of law permitting fact-finders to draw reasonable inferences from the evidence.
The factors discussed in Outlaw are inapplicable to the Public Intoxication statute. In 2012, the General Assembly amended the Public Intoxication statute to add an element of “endangerment,” but for reasons different and distinguishable from those that motivated the 2001 changes in the OWI statute.[2] The legislature’s modifications to the Public Intoxication statute were in apparent response to this Court’s decision in 2011 that affirmed the conviction of an automobile passenger for Public Intoxication. See Moore v. State, 949 N.E.2d 343 (Ind.2011). As explained in Stephens v. State:
Notably, the General Assembly added these elements to the public intoxication statute in 2012, making it no longer a crime to simply be intoxicated in public. The addition of these elements promotes public policy encouraging inebriated persons to avoid creating dangerous situations by walking, catching a cab, or riding home with a designated driver rather than driving while intoxicated.
992 N.E.2d 935, 938 (Ind.Ct.App.2013) (emphasis added), trans. not sought. Thus the legislature’s purpose in adding the “endangerment” element to the Public Intoxication statute in 2012 was wholly distinguishable from its particularized objectives in modifying the OWI statute in 2001. The propriety of the fact-finder to draw reasonable inferences from the evidence remains generally applicable, including the determination of proof of endangerment for the offense of Public Intoxication at issue in this case.
In the present case, the evidence shows that Officer Agresta was at the gas station, that the defendant and the defendant’s car were present at the gas station when Officer Agresta exited the gas station restroom, that neither the defendant nor his car were there moments earlier, that the defendant was “very unsteady, swaying back and forth,” had “red and bloodshot” eyes, and smelled like alcohol, that no one else was present except the gas station attendant, and that the defendant had the keys to his car on his person. Tr. at 7. The defendant recognizes that the trial court probably reasoned and inferred that he “had driven on the public street, thereby endangering himself or others,” Appellant’s Br. at 4, but he argues that this inference is not permissible because “no evidence was presented that he was observed on the street.” Id. He argues that Moore v. State, 634 N.E.2d 825 (Ind.Ct.App.1994), trans. not sought, prohibits a fact-finder from drawing an inference from circumstantial evidence that a defendant *1260 was on a public street. The defendant argues that absent direct evidence that he was driving on the public street, the trial court cannot find that he endangered himself or others because no evidence exists to suggest that he “endangered himself or anyone else” while at the gas station. Appellant’s Br. at 3.
We understand Moore differently. Rather than prohibiting an inference that a defendant’s misconduct occurred on public property, Moore only requires that such an inference be based on supporting evidence of probative value. In Moore, the defendant had been convicted for Public Intoxication among other offenses. 684 N.E.2d at 826. The Court of Appeals noted that the charging information only stated that the defendant “was in a state of intoxication at [a private residence], not on the public roads going to the residence.” Id. at 827. Also, the Court of Appeals found that the uncontroverted evidence was that the defendant “was only observed” in the driveway and backyard. Id. Based on those facts, the court held that it would be improper to “broaden the charging information and infer evidence which was not actually presented at trial.” Id. Moore does not preclude the inference of a defendant’s presence on a public street if it reasonably derives from circumstantial evidence before the finder of fact.
As explained above, when determining whether the elements of an offense are proven beyond a reasonable doubt, a fact-finder may consider both the evidence and the resulting reasonable inferences. In reviewing claims of insufficient evidence, appellate courts then consider whether a reasonable fact-finder could find guilt beyond a reasonable doubt based on the evidence and the reasonable inferences drawn therefrom. See Bailey, 907 N.E.2d at 1005; Henley, 881 N.E.2d at 652; Taylor v. State, 681 N.E.2d 1105, 1110 (Ind.1997); Brewer v. State, 646 N.E.2d 1382, 1386 (Ind.1995); Holder v. State, 571 N.E.2d 1250, 1253 (Ind.1991). Moore does not undermine this longstanding principle.
In the present case, the undisputed evidence established the sudden presence of the defendant and his vehicle at a gas station, his intoxication, his possession of the car keys, and the absence of any other person, thus necessitating removal of the car by towing. From these facts, it is a reasonable inference that the defendant had arrived at the gas station by driving his automobile on the public streets while intoxicated, thereby endangering his or another person’s life.
The trial court could reasonably conclude beyond a reasonable doubt that the defendant had been intoxicated in a public place while endangering the life of himself or others. We reject the defendant’s claim of insufficient evidence and affirm the judgment of the trial court.
RUSH and MASSA, JJ., concur.
DAVID, J., dissents with separate opinion in which RUCKER, J., joins.

. The offense of Operating a Vehicle While Intoxicated as a class A misdemeanor is committed when an intoxicated person "operates a vehicle in a manner that endangers a person.” Ind.Code § 9-30-5-2(b) (2012) (emphasis added).

. The amendments to the statute defining Public Intoxication as a class B misdemeanor added the requirements that the intoxicated person "(1) endangers the person's life; (2) endangers the life of another person; (3) breaches the peace or is in imminent danger of breaching the peace; or (4) harasses, annoys, or alarms another person.” Ind.Code § 7.1 — 5—1—3(a) (2012).