**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 26 2014, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KIMMERLY A. KLEE**
Greenwood, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

SAMUEL MORRIS,                          )
                                        )
    Appellant-Defendant,                )
                                        )
       vs.                            )     No. 49A04-1403-CR-000100
                                        )
STATE OF INDIANA,                       )
                                        )
    Appellee-Plaintiff.                 )

APPEAL FROM THE MARION SUPERIOR COURT 18
The Honorable William Nelson, Judge
Cause No. 49F18-1212-FD-001125

**September 26, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Samuel Morris appeals his conviction of Strangulation,[1] a class D felony, presenting the following issues for review:

1. Did the trial court improperly shift the burden of proof to Morris to prove his innocence?

2. Was the evidence sufficient to support the conviction?

We affirm.

The facts favorable to the judgment are that on December 17, 2011, Morris was visiting his grandmother, Carolyn Kelsey, to celebrate her birthday. While he was there, his aunt, Susan Wheeler, arrived with her three daughters. Kelsey invited Wheeler and her daughters to come into the kitchen for birthday cake. While Kelsey and Wheeler were still in the living room, Wheeler informed Kelsey that she had just found out that Morris had molested her then-fifteen-year-old daughter eight years before. Morris overheard this from the kitchen and shouted, "Shut up, don't talk to her, I don't ever want you to talk to her again!" *Transcript* at 11. Morris then came out of the kitchen and confronted Wheeler. An argument ensued, during which Wheeler slapped Morris, who promptly slapped her back. Wheeler asked someone to call 911 and her daughter, Judy, ran into the kitchen to do that. Kelsey chased Judy in an attempt to prevent her from calling the police. Wheeler followed Kelsey into the kitchen and she was, in turn,

---

[1] The version of the governing statute, i.e., Ind. Code Ann. § 35-42-2-9 (West, Westlaw 2013) in effect at the time this offense was committed classified it as a class D felony. This statute has since been revised and in its current form reclassifies this as a Level 6 felony. *See* I.C. § 35-42-2-9 (West, Westlaw current with all 2014 Public Laws of the Second Regular Session and Second Regular Technical Session of the 118th General Assembly). The new classification, however, applies only to offenses committed on or after July 1, 2014. *See id.* Because this offense was committed on December 17, 2011, it retains the former classification.

followed by Morris.  Morris poked Wheeler in the eye and then grabbed her by the neck, squeezing her throat with his fingers.  Wheeler felt herself beginning to black out and thought she was going to die.  From the spare bedroom, Judy heard her mother gasping for breath.  Morris then stopped the attack.

Judy had called police while she was in the bedroom and Indianapolis Metropolitan Police Department Officer Robert Pyatskowit arrived a few moments later.  He took Wheeler and Morris outside and separated them.  He and his partner obtained statements from each and then placed them both under arrest.  Pyatskowit noticed that the left side of Wheeler's face was red and swollen.

Morris was charged with strangulation as a class D felony and battery as a class A misdemeanor.  Following a bench trial, the court found Morris guilty of strangulation, but not guilty of battery.  Morris was sentenced to 545 days incarceration, with two days executed and the remainder suspended to probation.

1.

Before examining the sufficiency of the evidence, we note Morris's claim that the trial court impermissibly shifted the burden of proof to him, i.e., that he was essentially required to prove his innocence.  This claim is based upon the following comments made by the trial court when announcing its determination of guilt:

> With respect to Count 2, the Battery, the evidence is conflicting enough that I'm not sure who started or who instigated what.  If, in fact, Ms. Wheeler was the first to … throw a slap or a whatever, then I think the defendant may have retaliated on that but I'm gonna find him not guilty of the Battery, Count 2.  However, *I am convinced with the lack of defense*

3

> *testimony on the strangling that Mr. Morris is guilty of Count 1, Strangulation.*

*Transcript* at 66-67 (emphasis supplied). Morris contends that the highlighted comments, "given in light of the court's ruling on the battery charge, demonstrate a clear shifting of the burden of proof to Morris." *Brief of Appellant* at 11. We do not agree with this interpretation of the court's comments.

Self-defense is a legal justification for an otherwise criminal act, including what would otherwise constitute the offense of battery. *See Coleman v. State,* 946 N.E.2d 1160 (Ind. 2011). Pursuant to Ind. Code Ann. § 35-41-3-2 (West, Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly), a person is justified in using reasonable force against another person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force. In order to prevail on a claim of self-defense, a defendant must prove, among other things, that he did not provoke, instigate, or participate willingly in the violence. *Coleman v. State,* 946 N.E.2d 1160. The prefatory comments alluding to the battery charge and the evidence pertaining to it reflects that there was evidence that Wheeler instigated the physical confrontation by delivering "a slap or a whatever" to Morris's face. Apparently, such evidence created a reasonable doubt in the trial court's mind that Morris's offensive and nonconsensual touching of Wheeler may have been in the nature of self-defense. This provided a legal justification for the offensive touching and a valid defense to the battery charge.

4

There was no such countervailing evidence with respect to the strangulation charge. The only evidence pertaining to that charge came from Wheeler's testimony. She testified that while the two were yelling at each other, Morris "reached out with his both hands [sic] and put them around [her] neck and squeezed his fingers on [her] throat." *Transcript* at 16. She further claimed that at that point she lost her breath and began to black out. This testimony established a prima facie case of strangulation against Morris and there was no direct evidence to refute it. Viewed thus, the comments of which Morris complains merely represented what the State aptly refers to as "a cataloging of the evidence" that the court considered. *Brief of Appellee* at 7. It did not represent or reflect an impermissible shifting the burden of proof to Morris.

2.

Morris claims the evidence was not sufficient to support his conviction. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Thang v. State*, 10 N.E.3d 1256 (Ind. 2014). We consider only "the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* at 1258 (quoting *Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008)). We will affirm a conviction "if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Id.* A verdict of guilt may be based upon an inference that is reasonably drawn from the evidence. All inferences are viewed in a light most favorable to the conviction. *Bailey v.*

5

*State*, 979 N.E.2d 133 (Ind. 2012). Finally, a "conviction can be sustained on only the uncorroborated testimony of a single witness, even when that witness is the victim." *Id.* at 135.

In order to convict Morris of strangulation, the State was required to prove that he knowingly or intentionally applied pressure to Wheeler's throat or neck in a manner that impeded normal breathing or blood circulation, and did so in a rude, angry, or insolent manner. I.C. § 35-42-2-9 (b)(1). Wheeler's testimony established all of those elements. Morris seeks a ruling that, by application of the principle of incredible dubiosity, Wheeler's testimony is not worthy of belief. Our Supreme Court has cautioned that this rule is "very narrow" and limited in application. *Turner v. State*, 953 N.E.2d 1039, 1059 (Ind. 2011). Testimony may be disregarded on this basis, only "where a sole witness presents inherently contradictory testimony that is equivocal or coerced and there is a lack of circumstantial evidence of guilt." *Id*. (quoting *Wheldon v. State,* 765 N.E.2d 1276, 1278 (Ind. 2002)). Wheeler's testimony met neither of these criteria because it was unequivocal and there was not a lack of circumstantial evidence.

Several people in the house at the time testified that an altercation occurred between Wheeler and Morris. Judy testified that, while calling police from a different room, she heard her mother gasping for breath. Officer Pyatskowit observed that one side of Wheeler's face was red and swollen when he arrived on the scene shortly after the altercation ended. The inconsistencies in the evidence that Morris alleges were matters for the trial court to resolve in weighing the evidence and determining witness credibility

6

and, ultimately, guilt. We decline to invade its province in that regard. The evidence was sufficient to support the conviction.

Judgment affirmed.

VAIDIK, C.J., and MAY, J., concur.