Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**RUTH JOHNSON**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHRISTINA D. PACE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER MARTIN | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1404-CR-278 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT 7
The Honorable David Cook, Judge
Cause No. 49F07-1304-CM-28289

**December 10, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Christopher Martin appeals his conviction of Disorderly Conduct,[1] a class B misdemeanor, challenging the sufficiency of the evidence supporting that conviction as the sole issue on appeal.

We affirm.

The facts favorable to the conviction are that Martin and his cousin, Lamont Martin (Lamont), were in the middle of the street near the intersection of Murray and Laurel Streets on April 30, 2013. As Officer Daniel Disney of the Indianapolis Metropolitan Police Department drove up, the two cousins were squared off against each other and appeared to be preparing to fight. They looked briefly at Officer Disney when he stopped his vehicle and then began punching each other. Officer Disney exited his vehicle and walked approximately twenty feet to the place where they were located in order to stop the fight. Officer Disney ordered both men to get on the ground. Because both Martins were of "substantial size," Officer Disney pulled out his Taser. *Transcript* at 9. As a result of this incident, the State charged Martin with disorderly conduct. He was found guilty following a bench trial.

Upon appeal, Martin contends the evidence was not sufficient to sustain the conviction. Essentially, Martin contends that he did not punch Lamont, but was "just basically pushing back" after Lamont began assaulting him and that he (Martin) did not

---

[1] Ind. Code Ann. §35-45-1-3 (West, Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly).

commit an act of hostility. *Id.* at 15. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Thang v. State*, 10 N.E.3d 1256 (Ind. 2014). We consider only "the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* at 1258 (quoting *Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008)). We will affirm a conviction "if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Id.* A finding of guilt may be based upon an inference that is reasonably drawn from the evidence. All inferences are viewed in a light most favorable to the conviction. *Bailey v. State*, 979 N.E.2d 133 (Ind. 2012). Finally, a conviction can be sustained on only the uncorroborated testimony of a single witness. *See id.*

In order to convict Martin of disorderly conduct as charged, the State was required to prove that he engaged in fighting or tumultuous conduct. *See* I.C. § 35-45-1-3. Officer Disney testified that while on patrol that afternoon he saw Martin and his cousin fighting in the middle of the street. He described it as a physical fight that included the two men punching each other. This evidence was sufficient to prove that Martin knowingly or intentionally engaged in fighting. Martin contends, however, that Officer Martin misinterpreted what he saw, and that Martin was in fact not fighting. Rather, according to Martin, he was merely "basically pushing back because I know my cousin has a problem. I would never do anything to hurt him." *Transcript* at 15. In other words, Martin denied

3

that he punched Lamont. Lamont attempted to corroborate this version of the incident by testifying at Martin's trial that he, Lamont, "was the physical one, my cousin didn't do anything." *Id.* at 11.

This conflict in the evidence is precisely the sort of discrepancy that the finder of fact is charged with resolving, and for good reason. The trial court observed the demeanor of the witnesses and assessed their credibility accordingly. We will not invade its province in that regard. The evidence was sufficient to support the conviction.

Judgment affirmed.

CRONE, J., concurs.

KIRSCH, J., dissents without opinion.