## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Apr 21 2015, 8:21 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Mark I. Cox
The Mark I. Cox Law Office, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Timothy M. Roberts, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 21, 2015

Court of Appeals Case No.
89A05-1410-CR-500

Appeal from the Wayne Circuit
Court.
The Honorable David A. Kolger,
Judge.
Cause No. 89C01-1302-FA-5

**Darden, Senior Judge**

# Statement of the Case

[1] Timothy M. Roberts, Jr., appeals his conviction of child molesting, a Class A felony.[1] We affirm.

# Issue

[2] Whether there is sufficient evidence to sustain Roberts's conviction.

# Facts and Procedural History

[3] Laura Rubino gave birth to D.F. on October 25, 2000. Rubino subsequently began a relationship with Roberts, and they had two children together. After the relationship ended, Rubino and her three children moved to Richmond, Indiana.

[4] In March 2009, Roberts moved to Richmond and cared for the children while Rubino was at work. One evening, Roberts had D.F. leave her bedroom and go to the living room. He removed her clothes and rubbed his penis against her vagina. Next, Roberts had D.F. put her mouth on his penis. He ejaculated and told her to swallow it instead of spitting it out. D.F. asked Roberts what he was doing to her, and he told her "he couldn't tell me because I'd tell someone." Tr. p. 217. Roberts had D.F. put her mouth on his penis at least "ten, fifteen" times in the months following the first incident. *Id.* at 220.

---

[1] Ind. Code § 35-42-4-3 (2007).

[5] D.F. later disclosed to Rubino's boyfriend what Roberts had done to her. When D.F. was later in foster care, she also told her foster mother about Roberts's molestations.

[6] The State charged Roberts with child molesting as a Class A felony. A jury determined that Roberts was guilty as charged. The trial court sentenced Roberts, and this appeal followed.

## Discussion and Decision

[7] Roberts claims the State failed to present sufficient evidence to sustain his conviction beyond a reasonable doubt. In considering challenges to the sufficiency of the evidence, we neither reweigh the evidence nor judge witness credibility. *Caruthers v. State*, 926 N.E.2d 1016, 1022 (Ind. 2010). Instead, we consider only the evidence supporting the judgment and any reasonable inferences drawn from the evidence. *Tin Thang v. State*, 10 N.E.3d 1256, 1258 (Ind. 2014). We affirm a conviction unless no reasonable trier of fact could find every element proved beyond a reasonable doubt. *Blount v. State*, 22 N.E.3d 559, 565 (Ind. 2014).

[8] In order to convict Roberts of child molesting as a Class A felony, the State was required to prove beyond a reasonable doubt that Roberts: (1) a person of at least twenty-one years of age (2) performed or submitted to sexual intercourse or deviate sexual conduct (3) with a child under fourteen years of age. Ind. Code § 35-42-4-3. During the period of time relevant to this case, "deviate sexual conduct" was defined as "an act involving . . . a sex organ of one person

and the mouth or anus of another person . . . or the penetration of the sex organ or anus of a person by an object." Ind. Code § 35-41-1-9 (repealed 2012).

[9] There is no dispute that Roberts was older than twenty-one years of age or that D.F. was under fourteen years of age when the acts at issue occurred. Further, D.F. testified specifically and in in detail about the first time that Roberts forced her to put her mouth on his penis, and she further testified that it happened again at least ten to fifteen other times during the time period at issue here. This is sufficient evidence that Roberts submitted to deviate sexual conduct with D.F. *See Ware v. State*, 816 N.E.2d 1167, 1174 (Ind. Ct. App. 2004) (victim's testimony that defendant performed deviate sexual conduct on multiple occasions during time period sufficient to sustain convictions).

[10] Roberts asserts that there is no physical evidence, but considering the manner in which the crimes were committed and the totality of the facts and circumstances surrounding the incidents, it is unlikely that there would ever be any physical evidence available. Roberts also claims that D.F.'s testimony was inconsistent. However, a molested child's uncorroborated testimony is sufficient to sustain a conviction. *Carter v. State*, 754 N.E.2d 877, 880 (Ind. 2001). Furthermore, any inconsistencies were a matter for the jury to weigh in assessing D.F.'s credibility.

# Conclusion

[11] For the reasons stated above, we affirm the judgment of the trial court.

[12] Affirmed.

Najam, J., and Mathias, J., concur.