## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
May 08 2015, 10:43 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Lisa Diane Manning
Manning Law Office
Danville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles Edward Mayo,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 8, 2015

Court of Appeals Case No.
32A01-1411-CR-481

Appeal from the Hendricks Superior Court.
The Honorable Stephenie LeMay-Luken, Judge.
Cause No. 32D05-1305-FD-472

**Darden, Senior Judge**

# Statement of the Case

Charles Edward Mayo appeals his conviction by jury of operating a vehicle as a habitual traffic offender, a Class D felony.[1] We affirm.

# Issue

Mayo raises one issue, which we restate as: whether the evidence is sufficient to sustain his conviction.

# Facts and Procedural History

At two o'clock in the morning on May 7, 2013, Indiana State Police Trooper Jarrin Franklin was on patrol in Hendricks County, Indiana. He parked at a gas station to fill out paperwork. The gas station's lot was well-lit.

A black Jeep Wrangler arrived at the gas station. The Jeep's top was down. The driver, a male later identified as Mayo, parked the Jeep in front of Trooper Franklin's car, which provided Trooper Franklin with an unobstructed view. Mayo wore a green ball cap and a blue coat. He was accompanied by a female passenger, who wore a hoodie. As Trooper Franklin watched, Mayo and the passenger got out of the Jeep and went into the gas station's convenience store. After a period of time, Mayo and his passenger left the store. As they walked

---

[1] Ind. Code § 9-30-10-16 (2001).

back to the Jeep, Mayo looked directly at Trooper Franklin. Next, Mayo drove off.

[5] After Trooper Franklin finished his paperwork, he went back on patrol. As he drove eastbound on Interstate 70, he saw the Jeep parked by the side of the road with its emergency lights on. Trooper Franklin pulled over to assist, and he saw Mayo and his passenger walking away from the Jeep. Trooper Franklin asked them to come back because walking on an interstate highway can be dangerous. He asked Mayo "if he was the driver that just left the Speedway Gas Station. And what was wrong." Tr. p. 112. Mayo responded that "he was the driver and he just left the Speedway Gas Station." *Id.* Mayo further explained that something could be wrong with the engine or he may have run out of gas.

[6] Trooper Franklin asked for identification to clarify who he was speaking to. Mayo said that he did not have any, but he provided his name and birthdate. Trooper Franklin entered that information in his vehicle's computer and pulled up a photograph of Mayo through the Bureau of Motor Vehicles' records. The records indicated that Mayo was a habitual traffic offender. Trooper Franklin asked dispatch to confirm Mayo's status as a habitual traffic offender. After receiving confirmation, Trooper Franklin arrested him.

[7] The State charged Mayo with operating a vehicle as a habitual traffic offender. At trial, Mayo testified that his female friend had driven the Jeep that night. He conceded that he had been aware on the night in question that he was a

habitual traffic offender. A jury determined that Mayo was guilty as charged. The trial court imposed a sentence, and this appeal followed.

## Discussion and Decision

Mayo claims the State failed to present sufficient evidence to prove that he drove the Jeep. In considering challenges to the sufficiency of the evidence, we neither reweigh the evidence nor judge witness credibility. *Buelna v. State*, 20 N.E.3d 137, 141 (Ind. 2014). Instead, we consider only the evidence supporting the verdict and any reasonable inferences drawn from the evidence. *Tin Thang v. State*, 10 N.E.3d 1256, 1258 (Ind. 2014). We affirm a conviction unless no reasonable trier of fact could find every element of the offense proved beyond a reasonable doubt. *Delagrange v. State*, 5 N.E.3d 354, 356 (Ind. 2014).

In order to obtain a conviction for operating a motor vehicle as a habitual traffic offender, the State was required to prove beyond a reasonable doubt that Mayo: (1) operated (2) a motor vehicle (3) while his driving privileges were validly suspended and (4) knew that his driving privileges were suspended. Ind. Code 9-30-10-16.

Here, Trooper Franklin saw Mayo driving a Jeep at the gas station. Mayo parked the Jeep in front of Trooper Franklin's car, and the area was well-lit. As Mayo returned to the Jeep from the convenience store, Mayo looked directly at Trooper Franklin, so he had a clear view of Mayo's face. Mayo drove off in the Jeep.

Later, Trooper Franklin encountered the same Jeep on the side of the road, and Mayo was there. Trooper Franklin testified, without objection, that Mayo admitted that he had driven the Jeep at the gas station. This is sufficient evidence to establish beyond a reasonable doubt that Mayo drove the Jeep. *See Guidry v. State*, 650 N.E.2d 63, 65-66 (Ind. Ct. App. 1995) (officer's testimony that he saw defendant driving vehicle sufficient to prove identity and sustain conviction). Mayo's arguments are merely requests to reweigh the evidence, which our standard of review forbids.

# Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Baker, J., and Barnes, J., concur.