## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 29 2015, 9:02 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Joel M. Schumm
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tiffany Smith,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 29, 2015

Court of Appeals Case No.
49A02-1503-CR-144

Appeal from the Marion Superior
Court.
The Honorable Judge David
Hooper, Judge Pro Tempore.
Cause No. 49F18-1308-FD-53633

**Friedlander, Senior Judge**

[1] Tiffany Smith appeals her conviction of theft, a Class D felony.[1] We affirm.

---

[1] The version of the governing statute, i.e., Ind. Code Ann. § 35-43-4-2 (West, Westlaw 2013) in effect at the time this offense was committed classified it as a class D felony. This statute has since been revised and in its current form reclassifies this as a Class A misdemeanor. *See* I.C. § 35-43-4-2 (West, Westlaw current with all

[2] On August 14, 2013, Officer Paul Humphrey of the Indianapolis Metropolitan Police Department was investigating a report of shoplifting at a Walmart store in Marion County. While he was there, Marcus Shields, a Walmart asset prevention associate, saw Smith, Adrianna Johnson, Eurronia Young, and Shaquel Parchman enter the store together. Subsequent review of surveillance recordings for the parking lot revealed the four women had arrived at the store in one car.

[3] Officer Humphrey and Shields watched the four women via surveillance cameras as they moved through the store. They split into two groups of two, each with their own carts. Smith went with Young, and they placed similar items in their carts. Johnson went with Parchman, and they each put similar items, specifically twin bed sheet sets, clothes hampers, and vacuums in their respective carts as they shopped together.

[4] Next, the four shoppers went to the front of the store. Smith and Johnson checked out. Smith paid with cash, while Johnson paid cash for most items and paid for a comforter with her debit card. They went to the parking lot and placed their items in their car while Young and Parchman remained in the store without checking out. Johnson returned inside, gave Young and Parchman the receipts she and Smith had received, and went back to the car.

---

2015 First Regular Session of the 119th General Assembly legislation effective through June 28, 2015). The new classification, however, applies only to offenses committed on or after July 1, 2014. *See id.* Because this offense was committed prior to that date, it retains the former classification.

[5] Young and Parchman went to a customer service desk. They presented the receipts Johnson had given them and requested refunds for the items in their baskets, for which they had not paid. Parchman requested refunds for two twin bed sheet sets, a clothes hamper, and a vacuum cleaner. Walmart provides cash refunds for items that were originally purchased with cash. A Walmart employee gave cash refunds to Young and Parchman. Officer Humphrey and Walmart personnel detained them as they tried to leave the store. Another officer went outside and detained Smith and Johnson.

[6] The State charged Smith and Young with theft, Class D felonies. The State tried them jointly, and a jury determined that they were both guilty. The trial court sentenced Smith, who now appeals.

[7] Smith raises one issue, which we restate as: whether the evidence is sufficient to support her conviction. She claims she was in the car when the theft occurred and is not responsible for Young and Parchman's theft of Walmart's money through fraudulent returns.

[8] In considering challenges to the sufficiency of the evidence, we neither reweigh the evidence nor judge witness credibility. *Caruthers v. State*, 926 N.E.2d 1016 (Ind. 2010). Instead, we consider only the evidence supporting the judgment and any reasonable inferences drawn from the evidence. *Tin Thang v. State*, 10 N.E.3d 1256 (Ind. 2014). We affirm a conviction unless no reasonable trier of fact could find every element proved beyond a reasonable doubt. *Blount v. State*, 22 N.E.3d 559 (Ind. 2014).

[9] In order to convict Smith of theft as a Class D felony, the State was required to prove beyond a reasonable doubt that Smith (1) knowingly or intentionally (2) exerted unauthorized control (3) over property of another person (4) with intent to deprive the other person of any part of its value or use. Ind. Code Ann. § 35-43-4-2 (West, Westlaw 2013).

[10] In addition, the State alleged at trial that Smith was guilty of theft under a theory of accomplice liability. In Indiana, a defendant may be charged as a principal yet convicted on proof that he or she aided another in commission of a crime. *Kendall v. State*, 790 N.E.2d 122 (Ind. Ct. App. 2003), *trans. denied*. "A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense." Ind. Code Ann. § 35-41-2-4 (West, Westlaw current with all 2015 legislation). In determining whether there was sufficient evidence to establish accomplice liability, we consider such factors as: (1) presence at the scene of the crime; (2) companionship with another at the scene of the crime; (3) failure to oppose commission of the crime; and (4) course of conduct before, during, and after occurrence of the crime. *Tuggle v. State*, 9 N.E.3d 726 (Ind. Ct. App. 2014), *trans. denied*. Mere presence at the crime scene, or lack of opposition to a crime, is insufficient to establish accomplice liability. *Id.*

[11] In this case, Smith was not just present at the store, but she actively assisted her companions in carrying out the theft. She arrived with Johnson, Young, and Parchman in one car. They entered the store at the same time and paired off. Smith and Young moved through the store together and put similar items in

their baskets. Walmart asset protection employee Marcus Shields noted that Smith and Young did not look at the items' prices before they put them in their baskets, which in his experience is a sign that the person may not intend to pay for them.

[12] Next, all four women went to the front of the store. Young and Parchman waited as Smith and Johnson purchased the items in their carts and left together. Johnson briefly returned to the store to give her receipt and Smith's receipt to Young and Parchman. A reasonable finder of fact may infer that Smith gave her receipt to Johnson. The transfer of the receipts was essential to the crime because Walmart would not provide cash refunds without them.

[13] The State presented sufficient evidence that Smith acted in concert with her three companions to carry out their purpose of committing theft of money from Walmart. Her argument that she had returned to the car with her properly-purchased items when the theft occurred is merely a request to reweigh the evidence, which our standard of review forbids. *See Kendall*, 790 N.E.2d 122 (evidence sufficient to convict defendant of aggravated battery as an accomplice even though defendant was in the car while his companions battered the victim).

[14] Smith cites to *Smith v. State*, 167 Ind. App. 428, 339 N.E.2d 118 (Ind. Ct. App. 1975), but that case is distinguishable. There, a panel of this Court deemed the evidence insufficient to convict a defendant of theft where the evidence indicated that she helped a co-defendant remove two large boxes from a store in

the middle of the night, and she was present when the co-defendant returned two air conditioners to the store and confessed his guilt. In the current case, Smith worked with Young to ensure that they placed similar items in their baskets, checked out with Johnson while Young and Parchman waited inside, and then gave her receipt to Johnson to give to Young and Parchman, an essential step in the fraudulent return. The evidence here is stronger than in *Smith*.

[15] For the reasons stated above, we affirm the judgment of the trial court.

[16] Judgment affirmed.

Najam, J., and Pyle, J., concur.