## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 04 2018, 9:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rory Gallagher
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brian Bassett,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

May 4, 2018

Court of Appeals Case No.
49A02-1710-CR-2212

Appeal from the Marion Superior Court

The Honorable Anne Flannelly, Magistrate

Trial Court Cause No.
49G07-1705-CM-18827

**May, Judge.**

[1] Brian Bassett appeals his conviction of Class B misdemeanor public intoxication.[1] He argues the State did not present sufficient evidence to prove he harassed, annoyed, or alarmed someone as required by Indiana Code section 7.1-5-1-3(a)(4) (2012) and, thus, the evidence is insufficient to support his conviction. We affirm.

## Facts and Procedural History

[2] On the late evening of May 20, 2017, Officer Jamal Abdullah responded to a 911 call that a person had "been standing there having trouble standing, stumbling for over two hours." (Tr. Vol. II at 6.) Upon his arrival, Officer Abdullah observed Bassett lying on the steps of a church. Officer Abdullah woke Bassett and noticed Bassett had glassy eyes, his speech was slurred, his breath smelled of alcohol, and he was unable to stand without assistance.

[3] Officer Abdullah asked Bassett for identification, and Bassett initially was unable to remove his wallet from the back pocket of his pants. Upon ascertaining Bassett's identity, Officer Abdullah was "concerned about his condition, his well-being," (*id*. at 10), so Officer Abdullah requested a medic. After the medic left, Officer Abdullah arrested Bassett.

[4] On May 21, 2017, the State charged Bassett with Class B misdemeanor public intoxication and alleged Bassett was intoxicated in a public place and

---

[1] Ind. Code § 7.1-5-1-3(a)(4) (2012).

"harassed, annoyed or alarmed another person." (App. Vol. II at 15.) On August 16, 2017, the trial court held a bench trial. Officer Abdullah was the only witness. After his testimony, the trial court asked the parties to prepare briefs on the issues in the case.

[5] On September 6, 2017, the trial court found Bassett guilty as charged. On the same day, the trial court sentenced Bassett to 180 days, with 4 days executed and 176 days suspended to probation.

# Discussion and Decision

[6] When reviewing sufficiency of the evidence in support of a conviction, we will consider only probative evidence in the light most favorable to the trial court's judgment. *Binkley v. State*, 654 N.E.2d 736, 737 (Ind. 1995), *reh'g denied*. The decision comes before us with a presumption of legitimacy, and we will not substitute our judgment for that of the fact-finder. *Id*.

[7] We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). Reversal is appropriate only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*. Thus, the evidence is not required to overcome every reasonable hypothesis of innocence and is sufficient if an inference reasonably may be drawn from it to support the verdict. *Id*. at 147.

[8] To prove Bassett committed Class B misdemeanor public intoxication, the State had to present evidence Bassett was "in a public place or a place of public resort in a state of intoxication" caused by his use of alcohol and he harassed, annoyed, or alarmed another person. Ind. Code § 7.1-5-1-3(a)(4) (2012). Bassett does not dispute he was intoxicated on alcohol in a public place. Instead, he argues the State did not present evidence he harassed, annoyed, or alarmed another person.

[9] During Bassett's bench trial, Officer Abdullah answered, "Yes" when asked by the State, "Sir, I don't want to put any words in your mouth, but would it be fair to categorize your concern over the Defendant as having been alarmed?" (Tr. Vol. II at 11.) The State rested after that question, and Bassett did not cross examine Officer Abdullah. Bassett contends the State was required to provide additional evidence of Bassett's alarming behavior. We disagree.

[10] In bench trials, we assume the judge knows and follows the applicable law. *Leggs v. State*, 966 N.E.2d 204, 208 (Ind. Ct. App. 2012). Here, in addition to Officer Abdullah's affirmative answer to a question regarding whether he was alarmed at Bassett's condition, the State presented evidence Bassett was so intoxicated that he was unable to stand or walk, was barely able to remove his wallet from his pocket, and had slurred speech and glassy eyes. In response to Bassett's condition, Officer Abdullah immediately requested the assistance of a medic to ensure Bassett's safety. Bassett's argument is an invitation for us to reweigh the evidence and judge the credibility of witnesses, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court cannot reweigh the evidence

or judge the credibility of witnesses). While we agree the evidence is scarce, the State presented testimony from which the trial court could infer Bassett's guilt. *See Thang v. State*, 10 N.E.3d 1256, 1260 (Ind. 2014) (evidence sufficient for reasonable fact finder to infer Thang committed Class B misdemeanor public intoxication).

# Conclusion

[11] The State presented sufficient evidence Bassett was intoxicated in a public place and alarmed another person, as required to prove Class B misdemeanor public intoxication. Accordingly, we affirm.

[12] Affirmed.

Riley, J., and Mathias, J., concur.