# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 14 2019, 9:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Kurt A. Young
Nashville, Indiana

Valerie Kent Boots
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Damon Lamont Trice, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 14, 2019

Court of Appeals Case No.
18A-CR-1478

Appeal from the Marion Superior Court

The Honorable Jane S. Craney, Senior Judge

Trial Court Cause No.
49G21-1702-F5-6082

**Pyle, Judge.**

# Statement of the Case

Damon Lamont Trice, Jr. ("Trice") appeals his conviction, following a bench trial, for Level 5 felony carrying a handgun without a license.[1] Trice argues that there was insufficient evidence to support his conviction. Because Trice's argument is nothing more than a request to reweigh the trial court's determination of witness credibility, we affirm his conviction.

We affirm.

# Issue

Whether sufficient evidence supports Trice's conviction.

# Facts

On February 11, 2017, Trice was a passenger in a car driven by his girlfriend, Sharese Davidson ("Davidson"). When Davidson failed to use her turn signal, Officer Roberto Sanchez ("Officer Sanchez") and Officer Ivan Ivanov ("Officer Ivanov") of the Indianapolis Metropolitan Police Department ("IMPD") initiated a traffic stop. When the officers walked up to the car, they both smelled the odor of raw marijuana. The officers arrested Trice and Davidson. Officer Sanchez searched the car and discovered 3.88 grams of marijuana under

---

[1] IND. CODE § 35-47-2-1. Trice was also convicted of Class B misdemeanor possession of marijuana, but he does not challenge this conviction on appeal.

the passenger seat cushion where Trice had been sitting. The officer also found a handgun in a front compartment between the driver and passenger seats.

[4]     The officers read Trice and Davidson their *Miranda* rights and questioned them about the drugs and gun. Initially, Trice and Davidson denied knowing about the gun or the marijuana. Trice then told the officers that he had sold the gun to Davidson's uncle. When the officers asked him for the uncle's name, he stated that he did not know his name. Later during questioning, Trice began to cry and admitted that the gun and the marijuana belonged to him. Trice did not have a license to carry the handgun.

[5]     The State charged Trice with: Count 1, carrying a handgun without a license, which was elevated to a Level 5 felony based on Trice having a previous felony conviction within the last fifteen years;[2] and Count 2, Class B misdemeanor possession of marijuana. On May 31, 2018, the trial court held a bench trial. The State presented testimony from the two officers, who testified to the facts above.

[6]     Trice testified on his own behalf, and he admitted that the marijuana belonged to him. He also acknowledged that, during the traffic stop, he had told the officers that the gun belonged to him. He then testified that the gun did not belong to him and stated that he had lied to the police by telling them that he owned the gun. Trice admitted that he had claimed ownership of the gun at the

---

[2] The State alleged that Trice had a 2010 conviction for Class D felony battery.

traffic stop to protect Davidson from being arrested for possession of the gun. Trice then testified that a previous girlfriend, Betty Lambert ("Lambert"), had sold the gun to Davidson's uncle. Trice also presented testimony from Davidson, who confirmed that, at the traffic stop, she had told the officers that the gun was not hers. Davidson, then testified that the gun was actually hers. She also testified that she had purchased the gun from Lambert.

[7] During closing arguments, Trice's counsel stated that Trice and Davidson had lied to the police during the traffic stop but asserted that the trial court should find their trial testimony to be credible because they were under oath. The trial court rejected Trice's argument and found Trice guilty as charged.[3] The trial court imposed a five (5) year sentence for Trice's Level 5 felony carrying a handgun without a license conviction and a concurrent sentence of 180 days for his Class B misdemeanor possession of marijuana conviction. Trice now appeals.

## Decision

[8] Trice argues that the evidence was insufficient to support his conviction for carrying a handgun without a license.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess

---

[3] The parties stipulated that Trice had a prior conviction for a felony within fifteen years.

witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder would find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

[9] *Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (internal quotation marks and citations omitted) (emphasis in original). Additionally, our Indiana Supreme Court has explained that "when determining whether the elements of an offense are proven beyond a reasonable doubt, a fact-finder may consider both the evidence *and the resulting reasonable inferences*." *Thang v. State*, 10 N.E.3d 1256, 1260 (Ind. 2014) (emphasis in original).

[10] To convict Trice of carrying a handgun without a license as charged, the State was required to prove beyond a reasonable doubt that he knowingly carried a handgun in a vehicle or on his person without being licensed to carry a gun and that he had been convicted of a felony within fifteen years before the date of his offense. *See* IND. CODE § 35-47-2-1.

[11] Trice does not dispute any specific element of his offense nor does he argue that the State failed to present evidence supporting these elements. Instead, he challenges the trial court's determination of witness credibility. Trice contends that the trial court erred by giving "greater weight" to his statements made to

the police during the traffic stop than it gave to his trial testimony that was under oath. (Trice's Br. 9). The trial court rejected this argument at trial as do we in this appeal. The trial court made its witness credibility determination, and we will not reassess it. The evidence presented at trial and the inferences drawn therefrom were sufficient for the trial court, as trier of fact, to conclude that Trice carried a handgun without a license. Accordingly, we affirm his conviction.

Affirmed.

Najam, J., and Altice, J., concur.