## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 12 2019, 10:18 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Kunz
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Abraham Erastus Perry II, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | September 12, 2019 <br><br> Court of Appeals Case No. <br> 19A-CR-769 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Grant W. Hawkins, Judge <br><br> Trial Court Cause No. <br> 49G05-1804-F5-12095 |

**Pyle, Judge.**

# Statement of the Case

Following a bench trial, Abraham Perry ("Perry") was found guilty of Level 5 felony intimidation[1] and Class B misdemeanor criminal mischief.[2] Perry appeals his intimidation conviction, arguing that the evidence was insufficient to convict him because the State failed to prove the "prior lawful act" element of the intimidation statute. Concluding that the State presented sufficient evidence, we affirm Perry's intimidation conviction.

We affirm.

# Issue

Whether sufficient evidence supports Perry's conviction.

# Facts

Perry was a regular customer at a Metro PCS store located in Indianapolis. Over time, he became familiar with a Metro PCS employee, Christina Bryant ("Bryant"). During one of his visits to the store in early April 2018, Perry brought Bryant a bag of clothing.[3] When Bryant saw Perry with the bag of clothes, she refused to speak with him and went into the back of the store.

---

[1] IND. CODE § 35-45-2-1.

[2] I.C. § 35-43-1-2.

[3] The record does not reveal why Perry brought Bryant the bag of clothing.

Brent Spear ("Spear"), the owner and store manager, followed and checked on Bryant.

[4] When Spear returned, he initially informed Perry that Bryant was not in the store. Perry then pointed out that he saw Bryant walk to the back of the store and that he wanted to give her the bag of clothes. Spear then informed Perry that Bryant did not want to come out and speak with him and that "she was not interested in any clothes, that she did not need any clothes, she did not ask for them and to please take them with him." (Tr. 20). Perry pressed Spear about seeing Bryant and giving her the clothes. Eventually, Spear informed Perry that he needed to leave the store and that if he left the bag in the store, it would be thrown into the trash. Perry left the store with the clothing, slammed the door, and yelled from the parking lot.

[5] Spear did not see Perry again until almost a week later. On April 11, 2018, Perry entered the Metro PCS store holding a handsaw. The events were captured on surveillance video with audio and introduced at trial as State's Exhibit 1. Spear was assisting a customer and did not initially notice Perry sitting in the corner. Unprovoked, Perry began yelling at Spear, using profane language and homophobic insults. He stood up, dropped his handsaw, and approached the counter. Once at the counter, Perry continued to insult and demean Spear.

[6] Eventually, Perry picked up his handsaw and moved towards the door. Once at the door, Perry continued his insults and then stepped outside. He began to

walk away but turned around and reentered the store.  Perry again approached the counter.  This time, Spear moved toward Perry.  As he approached Spear, Perry alluded to their previous encounter involving the clothing, stating, "[h]ey man if my friend, some chick up here that's working, isn't doing good man. She says she aint got clothes (indiscernible)." (State's Ex. 1 at 2:38-2:44). Immediately thereafter, Perry reached out with the handsaw towards Spear's head, Spear reacted and tried to grab the handsaw, and Perry shouted, "I'll cut your head off . . . ." (State's Ex. 1 at 2:46).  Perry then broke a sales counter desk and started to move towards the door.  As he exited, Perry told Spear, "I'm still gonna come back and fuck you up." (State's Ex. 1 at 2:59).

[7]     The State charged Perry with Level 5 felony intimidation and Class B misdemeanor criminal mischief.  The charging information alleged, in relevant part, that Perry

> did communicate a threat to Brent Spear, another person, with the intent that Brent Spear be placed in fear of retaliation for a prior lawful act, to-wit: preventing Abraham Perry II from communicating with Christina Bryant and requesting him to leave Metro PCS; and in committing said act the defendant drew a deadly weapon, to-wit: a knife[.]

(App. 21).

[8]     A bench trial occurred in February 2019.  Perry's theory of defense was that the evidence did not prove that the threats he made were to place Spear in fear of retaliation for the incident involving the clothing, as alleged by the State.  The

trial court found Perry guilty of intimidation as charged.[4] The trial court imposed a six (6) year executed sentence in the Department of Correction for the intimidation conviction and a concurrent 180-day sentence for the criminal mischief conviction. Perry now appeals.

# Decision

[9] Perry contends the State failed to present sufficient evidence to support his conviction for Level 5 felony intimidation. Our standard of review for sufficiency of evidence claims is well-settled. We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We consider only the probative evidence and reasonable inferences supporting the verdict. *Id*. Reversal is appropriate only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*. Additionally, our Indiana Supreme Court has explained that "when determining whether the elements of an offense are proven beyond a reasonable doubt, a fact-finder may consider both the evidence *and the resulting reasonable inferences*." *Thang v. State*, 10 N.E.3d 1256, 1260 (Ind. 2014) (emphasis in original).

[10] To convict Perry of Level 5 felony intimidation, the State was required to prove beyond a reasonable doubt that while drawing or using a deadly weapon, Perry

---

[4] Perry pled guilty to the Class B misdemeanor criminal mischief charge on the day of trial.

communicated a threat to another person with the intent that the other person be placed in fear of retaliation for a prior lawful act. I.C. § 35-46-2-1(a)(2), (b)(2)(A). In charging Perry, the State alleged that the prior lawful act was Spear's preventing Perry from communicating with Bryant and requesting that Perry leave the store. On appeal, Perry challenges the sufficiency of the State's evidence only as to the "prior lawful act" element. Specifically, Perry claims that the evidence presented "shows that [his] threats were made in direct response to things Spear said and did in the heat of their encounter on April 11[,]" as opposed to retaliation for their encounter the week prior. (Perry's Br. 9). We disagree.

There is nothing in the intimidation statute that requires a defendant to expressly state what the victim's prior lawful act was for which a defendant intends to retaliate. *Chastain v. State*, 58 N.E.3d 235, 240 (Ind. Ct. App. 2016), *trans. denied*. It is well-settled that in criminal cases, the State "'is not required to prove intent by direct and positive evidence.'" *Id*. (quoting *Johnson v. State*, 837 N.E.2d 209, 214 (Ind. Ct. App. 2005), *trans. denied*). A defendant's intent may be proven by circumstantial evidence alone, and knowledge and intent may be inferred from the facts and circumstances of each case. *Id*.

The evidence most favorable to the intimidation conviction reveals that there were two distinct incidents separated by less than a week. The first incident involved Perry bringing clothes into the Metro PCS store for Bryant and Spear preventing Perry from speaking with Bryant and asking him to leave the store. The second incident, less than a week later, involved Perry entering the store

armed with a handsaw. At some point, Perry approached Spear and began to discuss the first incident involving the clothing, stating, "[h]ey man if my friend, some chick up here that's working, isn't doing good man. She says she aint got clothes (indiscernible)." (State's Ex. 1 at 2:38-2:44). Immediately thereafter, Perry, while jerking the handsaw around, threatened to "cut [Spear's] head off." (Tr. 25, State's Ex. 1 at 2:46). Spear testified that after the first incident, he did not encounter Perry again until April 11. We conclude that it was reasonable for the trial court to infer that the motivation for Perry's crime was the prior lawful act of Spear not allowing him to speak with Bryant and requesting that he leave the store.

[13] Accordingly, it was reasonable for the trier of fact to find that Spear engaged in a prior lawful act, and that there was a clear nexus between that prior lawful act and Perry's threat to cut Spear's head off with the handsaw. Thus, the evidence is sufficient, and we affirm Perry's intimidation conviction.

[14] Affirmed.

Robb, J., and Mathias, J., concur.