ATTORNEY FOR APPELLANT
Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana



# In the
# Indiana Supreme Court

No. 49S02-1006-CR-328

CURTIS OUTLAW,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff  below).*

Appeal from the Marion Superior Court,
No. 49F19-0901-CM-4126
The Honorable Rebekah Pierson-Treacy, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 49A02-0904-CR-340

**June 24, 2010**

**Per Curiam.**

In 2001, the legislature established two separate misdemeanor classes for operating a vehicle while intoxicated. Operating a vehicle while "intoxicated" is a Class C misdemeanor.

*See* Ind. Code § 9-30-5-2(a) (2004). Operating a vehicle while intoxicated "in a manner that endangers a person" is a more serious Class A misdemeanor. *See* I. C. § 9-30-5-2(b) (2004).

Here, there was evidence Outlaw was intoxicated, including that he smelled of alcohol, his eyes were bloodshot, his speech slurred and he failed three field sobriety tests. The State concedes, however, there was no evidence that Outlaw operated his vehicle in an unsafe manner. Outlaw was convicted of the Class A misdemeanor and was sentenced to 365 days.

The Court of Appeals reversed that conviction on grounds that, although the State proved Outlaw was intoxicated, the State failed to present any evidence on the element of endangerment. *See* Outlaw v. State, 918 N.E.2d 379 (Ind. Ct. App. 2009).

The State has petitioned to transfer jurisdiction, arguing that evidence of "intoxication" should be sufficient to prove "endangerment" as was the case before the current version of Indiana Code section 9-30-5-2. *See* Outlaw, 918 N.E.2d at 381-82. We conclude the Court of Appeals correctly rejected the State's argument for the reasons explained in its decision.

We grant transfer, adopt and incorporate by reference the opinion of the Court of Appeals pursuant to Indiana Appellate Rule 58(A)(1). The Class A misdemeanor conviction is reversed.

Shepard, C.J., and Dickson, Sullivan, Boehm, and Rucker, JJ., concur.