Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

May 28 2014, 9:35 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

GARY MAXWELL,                                  )
                                               )
    Appellant-Defendant,              )
                                               )
        vs.                  )   No. 49A05-1308-CR-427
                                               )
STATE OF INDIANA,                              )
                                               )
    Appellee-Plaintiff.               )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kimberly J. Brown, Judge
The Honorable Deborah J. Shook, Master Commissioner
Cause No. 49F07-1211-CM-77045

**May 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

Gary Maxwell challenges the sufficiency of the evidence supporting his conviction for Class A misdemeanor operating a vehicle while intoxicated in a manner that endangers a person. We affirm.

FACTS AND PROCEDURAL HISTORY

At 12:40 a.m. on November 11, 2012, Officer Gregory Stewart of the Indianapolis Metropolitan Police Department was dispatched to a gas station on South Lynhurst Drive after an anonymous 911 caller reported that a man in a green car had crashed into a curb and "d[id]n't seem fit to drive." Tr. p. 23. Officer Stewart arrived at the scene less than two minutes later and found a man, later identified as Maxwell, kneeling down by the driver's side front tire of a green car parked near the doors of the store. A woman sat in the front passenger seat. Officer Stewart asked what happened, to which Maxwell "said he scratched or scuffed the curb." *Id.* at 32. Officer Stewart noticed that the wheel had a "huge" dent or bend in the rim and that the tire "was just completely flat." *Id.*

Officer Stewart asked Maxwell to stand up. Maxwell lost his balance trying to do so and fell onto the ice chest in front of the store. He was again asked to stand, but "he was uneven in his balance and he was having a hard time standing. He actually just like leaned against the front of that ice chest." *Id.* at 32-33.

Officer Michael Clupper of the Speedway Police Department, who was trained to recognize drug impairment in drivers and who was part of a DUI task force, also talked with Maxwell. Officer Clupper noticed that Maxwell's eyes were bloodshot and watery and that his speech was slurred and hard to understand. Officer Clupper asked if he had

been drinking, to which Maxwell said no. Officer Clupper administered three standardized field sobriety tests. Maxwell failed two of them.

Officer Clupper had Maxwell stick out his tongue and noticed that it was green and that his taste buds were raised, both indications of marijuana use. He thus administered a different test to determine if Maxwell was under the influence of drugs rather than alcohol. The test tended to indicate the presence of cannabis in his system.

Believing Maxwell was intoxicated, Officer Clupper advised him of Indiana's implied consent law. Maxwell consented to a chemical test and was transported to a hospital where his blood was drawn. He was then arrested.

The blood test results came back positive for marijuana and Xanax. Following a bench trial, Maxwell was convicted of Class A misdemeanor operating a vehicle while intoxicated in a manner that endangers a person. The trial court sentenced him to 365 days, with 363 days suspended to probation and credit for time served. He now appeals.

<u>DISCUSSION AND DECISION</u>

Maxwell's sole issue on appeal is whether the evidence is sufficient to sustain his conviction. In reviewing a sufficiency of the evidence claim, we neither reweigh the evidence nor assess the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). Rather, we look to the evidence and reasonable inferences drawn therefrom that support the judgment. *Id.* We affirm if there is probative evidence from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

3

Maxwell makes three challenges to the sufficiency of the evidence. He first argues the evidence is insufficient to show he operated a vehicle, noting that neither the anonymous 911 caller nor the officers saw him driving the car. However, the evidence shows the 911 caller reported that a man in a green car had crashed into a curb, and when Officer Stewart arrived less than two minutes later, Maxwell was kneeling by the front tire of a green car. Even more probative of this issue is that Maxwell told Officer Stewart that "he scratched or scuffed the curb," Tr. p. 32, essentially admitting he was the driver. A factfinder could reasonably infer that Maxwell drove the car.

Maxwell next argues the evidence is insufficient to show he was intoxicated. Specifically, he points out that no medical personnel checked him for injuries and asks us to speculate that the effects of the crash caused him to be unsteady and to have bloodshot eyes. We decline to so speculate. The evidence most favorable to the judgment shows Maxwell's eyes were bloodshot and watery, his speech was slurred, and that his balance was so unsteady that he had to lean against the ice chest in front of the store. He failed two standardized field sobriety tests, and a separate test indicated he was under the influence of marijuana. The toxicology results of his blood samples showed he had marijuana and Xanax in his system. A factfinder could reasonably infer that Maxwell was intoxicated when he crashed the car.

Maxwell finally argues the evidence is insufficient to show endangerment. We disagree. "The element of endangerment can be established by evidence showing that the defendant's condition or operating manner could have endangered any person, including the public, the police, or the defendant." *Outlaw v. State*, 918 N.E.2d 379, 381 (Ind. Ct.

4

App. 2009), *adopted by* 929 N.E.2d 196 (Ind. 2010). Here, Maxwell crashed the car into a curb with a young woman in the passenger seat. The front tire of the car was completely flat, and the wheel had a large dent or bend in the rim. A factfinder could reasonably infer that Maxwell's intoxicated driving endangered himself, the young woman, as well as the public.

We conclude there is ample evidence to sustain Maxwell's conviction.

## CONCLUSION

We therefore affirm.

NAJAM, J., and BROWN, J., concur.