## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2017, 8:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Calvin Cole,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | January 31, 2017<br><br>Court of Appeals Case No.<br>49A02-1603-CR-575<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Clayton A. Graham, Judge<br><br>Trial Court Cause No.<br>49G07-1505-CM-15359 |

**Barnes, Judge.**

# Summary

Calvin Cole appeals his conviction for Class A misdemeanor operating a vehicle while intoxicated and in a manner that endangers a person.[1] We affirm.

# Issue

Cole raises one issue for our review, which we restate as whether the trial court abused its discretion by admitting certain evidence.

# Facts

On May 3, 2015, Cole went out with his friend, Rochelle Matthews, to celebrate Matthews's birthday. Cole rode his motorcycle to Matthews's house, and Matthews asked Cole to take her for a ride on his motorcycle. Matthews declined to wear the helmet Cole offered her; she rode on the back of the motorcycle and held on to Cole's waist. The two stopped at a bar for about two hours, where Cole drank Hennessy cognac. After Cole and Matthews left the bar, they stopped at a motorcycle club for about thirty minutes.

Cole and Matthews left the club to return to Matthews's house. Matthews again rode the motorcycle, without a helmet, holding onto Cole's waist. Shortly after Cole turned into Matthews's neighborhood, he hit a pothole, and Matthews fell off the back of the motorcycle.

---

[1] Cole was also convicted of Class A misdemeanor operating a vehicle with a blood alcohol content above .15. *See* Ind. Code § 9-30-5-1(b).

[5] A neighbor called 911 and reported hearing a motorcycle "slam onto the ground" and said the motorcycle was laying on the ground running, but there was no one on it. Ex. 1. The neighbor described the incident as a crash and said it was loud. Officers from the Indianapolis Metropolitan Police Department responded to the call and reported Cole appeared to be intoxicated. Cole agreed to take a breath test, and his blood alcohol content was .185. Cole testified "no," he was "not at all" drunk. Tr. p. 226.

[6] On May 4, 2015, the State charged Cole with two Class A misdemeanors— operating a vehicle with a blood alcohol content about .15 and operating a vehicle while intoxicated in a manner that endangers a person. A jury found Cole guilty of both counts, and the trial court sentenced him to 365 days of incarceration with 335 days suspended to probation. Cole now appeals his conviction for operating a vehicle while intoxicated in a manner that endangers a person, but not his conviction for operating a vehicle with a blood alcohol content about .15.

## Analysis

[7] Cole contends the trial court abused its discretion by admitting into evidence a recording of the 911 call. He argues the recording contained testimonial hearsay, that he did not have an opportunity to cross-examine the neighbor who made the call as required by the Sixth Amendment to the United States Constitution, and that the jury may have relied on the neighbor's statements to support the endangerment element of his conviction.

[8] At the outset, we note that the State argues Cole waived his Sixth Amendment argument because, during trial, he failed to object on the constitutional grounds he raises on appeal. At trial, Cole argued that the State did not lay a proper foundation for the audio recording. He also, however, stated, "The CD that they hope to admit contains testimonial hearsay, your Honor." Tr. p. 93. We conclude Cole properly preserved this issue.

[9] We review a trial court's ruling regarding the admission or exclusion of evidence for an abuse of discretion. *Bishop v. State*, 40 N.E.3d 935, 943 (Ind. Ct. App. 2015), *trans. denied*. "We reverse only where the decision is clearly against the logic and effect of the facts and circumstances." *Id.* "Even if the trial court's decision was an abuse of discretion, we will not reverse if the admission constituted harmless error." *Id.* When an error in the admission of evidence involves a constitutional right, we will conclude it is harmless only if it is harmless beyond a reasonable doubt. *Mack v. State*, 23 N.E.3d 742, 756 (Ind. Ct. App. 2014), *trans. denied*. "Our analysis for such questions requires this court to assess 'whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction.'" *Id.* (quoting *Chapman v. California*, 87 S. Ct. 824, 827, 386 U.S. 18, 23 (1967)).

[10] Here, we need not determine whether the trial court erred in admitting the audio recording at issue. Instead, we conclude that, even if the recording contained impermissible testimonial hearsay, its admission was harmless beyond a reasonable doubt because the jury would have found Cole guilty even without the evidence at issue. *See Mack*, 23 N.E.3d at 756.

[11]    To support Cole's conviction for operating a vehicle while intoxicated in a manner that endangers a person, the State was required to prove Cole operated a vehicle while intoxicated and that he did so in a manner that endangered a person. *See Outlaw v. State*, 929 N.E.2d 196 (Ind. 2010) (adopting and incorporating by reference *Outlaw v. State*, 918 N.E.2d 379 (Ind. Ct. App. 2009)). "Intoxicated" means one is under the influence of alcohol "so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Ind. Code § 9-13-2-86. "Prima facie evidence of intoxication includes evidence that at the time of an alleged violation the person had at least a .08 BAC." *Temperly v. State*, 933 N.E.2d 558, 566 (Ind. Ct. App. 2010) (citing I.C. § 9-13-2-131) (quotations omitted), *trans. denied*, *cert denied*.

[12]    "The element of endangerment can be established by evidence showing that the defendant's condition or operating manner could have endangered any person, including the public, the police, or the defendant." *Vanderlinden v. State*, 918 N.E.2d 642, 644 (Ind. Ct. App. 2009), *trans. denied*. "Endangerment does not require that a person other than the defendant be in the path of the defendant's vehicle or in the same area to obtain a conviction." *Id.* at 644-45. "By definition the statute requires more than intoxication to prove endangerment." *Id.* at 645.

[13]    Cole does not seem to contend the State presented insufficient evidence to establish he was intoxicated. He notes the testimony of two police officers and the results of the breath test established he was impaired. *See* Appellant's Br. p.

11. He does, however, argue that "the State's main evidence of endangerment came from the 911 call" and that, absent that evidence, "the jury may have concluded that driving 10 mph and hitting a pothole in the dark did not constitute endangerment." *Id.* at 12.

[14] We conclude that, even excluding the recording of the 911 call from consideration, the State's evidence was sufficient to prove endangerment. Cole himself testified that Matthews fell off his motorcycle while he was driving it. The fact that Cole was driving in such a manner that Matthews was unable to remain on the motorcycle is sufficient evidence from which the jury could reasonably have inferred Cole operated his motorcycle in a manner that could have, and did, endanger a person.

## Conclusion

[15] Any error in the admission of the recording of the 911 call was harmless beyond a reasonable doubt. The State's evidence was sufficient to support Cole's conviction for operating a vehicle while intoxicated in a manner that endangers a person. We affirm.

[16] Affirmed.

Riley, J., and Bailey, J., concur.