## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 19 2019, 10:55 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ricardo Bueso,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 19, 2019<br><br>Court of Appeals Case No.<br>18A-CR-1879<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Amy M. Jones, Judge<br><br>The Honorable Jason Reyome, Magistrate<br><br>Trial Court Cause No.<br>49G08-1701-CM-3142 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Richard Bueso (Bueso), appeals his conviction for operating a motor vehicle while intoxicated endangering a person, a Class A misdemeanor, Ind. Code § 9-30-5-2(a)&(b).

We affirm.

# ISSUE

Bueso presents this court with one issue on appeal, which we restate as: Whether the State presented sufficient evidence beyond a reasonable doubt to sustain his conviction for operating a vehicle while intoxicated endangering a person.

# FACTS AND PROCEDURAL HISTORY

At approximately 9:00 p.m. on January 23, 2017, Indianapolis Metropolitan Police Department Officer Jason Rauch (Officer Rauch) stopped at a four-way stop at the intersection at 42nd Street and Sheridan Avenue, in Indianapolis, Indiana while patrolling the residential area. Before entering the intersection, he heard an engine revving through his open window. He observed "a silver GMC Terrain going fast and speeding up before the intersection[.]" (Transcript p. 12). Concerned that the vehicle would not stop at the stop sign before entering the intersection, Officer Rauch waited at the stop sign. "[S]ure enough, the Terrain came through and slammed on the brakes . . . and then came to a stop in the middle of the intersection and it jerked back and forth and then just kept going." (Tr. p. 12). "Had [Officer Rauch] kept going, [he] would

have been hit." (Tr. p. 19). The vehicle proceeded through the intersection and continued eastbound on 42nd Street.

[5] Officer Rauch activated his lights and siren to initiate a traffic stop. The vehicle came to a stop at an angle on the side of the road. The driver of the vehicle, Bueso, was identified by an identification card. Officer Rauch observed that Bueso emanated an odor of alcohol, had watery eyes, and stumbled when he exited the vehicle. Because Bueso could not communicate in English, Officer Rauch called for another officer, applied for a search warrant, and transported Bueso to the hospital for a blood draw. The blood test indicated that Bueso had a .142% per volume of ethyl alcohol concentration.

[6] On March 14, 2017, the State filed an Information, charging Bueso with Count I, operating a motor vehicle while intoxicated endangering a person, as a Class A misdemeanor; Count II, operating a vehicle with an ACE of .15 or more as a Class A misdemeanor; and Count III, disregarding a stop sign, a Class C infraction. Following a bench trial on July 12, 2018, the trial court found Bueso guilty as to Count I and III, but not guilty as to Count II. The trial court sentenced Bueso to 180 days, with 176 days suspended and 176 days probation.

[7] Bueso now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[8] Bueso contends that the State failed to present sufficient evidence beyond a reasonable doubt to support his conviction for operating a vehicle while intoxicated endangering a person. When reviewing the sufficiency of the

evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the judgment. *McGowan v. State*, 89 N.E.3d 424, 427 (Ind. Ct. App. 2017). We do not assess witness credibility or reweigh the evidence. *Id*. We consider conflicting evidence most favorably to the trial court's ruling. *Id*. We affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*. It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id*. The evidence is sufficient if an inference may reasonably be drawn from it to support the judgment. *Id*.

[9] In order to convict Bueso, the State was required to establish beyond a reasonable doubt that Bueso was intoxicated and operated his vehicle in a manner that endangered a person. *See* I.C. § 9-30-5-2(a)&(b). Bueso does not challenge the evidence that he was intoxicated; rather, he disputes that although he drove through the stop sign at the intersection, he did not endanger a person as required by the statute.

[10] "The element of endangerment can be established by evidence showing that the defendant's condition or operating manner could have endangered any person, including the public, the police, or the defendant." *Staley v. State*, 895 N.E.2d 1245, 1249 (Ind. Ct. App. 2008). Endangerment does not require that a person other than the defendant be in the path of defendant's vehicle or in the same area to obtain a conviction. *Id*. at 1251. "Thus, it is sufficient that the defendant's condition renders driving unsafe." *Id*.

In support of his argument, Bueso refers to *Outlaw v. State*, 929 N.E.2d 196 (Ind. 2010), in which our supreme court held that the State is required to present evidence of endangerment apart from simply relying on a defendant's intoxication. In *Outlaw*, defendant was stopped for a license plate that was not illuminated rather than for any erratic or unlawful driving. *Id*. However, based on the evidence before us, we conclude that *Outlaw* is inapposite to the case at hand.

The record supports that Bueso approached the stop sign at the intersection at a high rate of speed. His vehicle blew past the stop sign and came abruptly to a stop in the middle of the intersection, causing the car to rock back and forth. Officer Rauch testified that Bueso would have collided with the patrol car if Officer Rauch had not waited at the stop sign to make sure Bueso was going to stop. Not only did Bueso's driving pose a threat to his own safety but also to Officer Rausch's. *See also Staten v. State*, 946 N.E.2d 80 (Ind. Ct. App. 2011) (finding endangerment where defendant drove his vehicle left of center line and through a 3-way stop sign without stopping or slowing down), *reh'g denied, trans. denied*. Accordingly, as Bueso's high speed and erratic driving endangered himself and Officer Rauch, we affirm the trial court's conviction.

## CONCLUSION

Based on the foregoing, we hold that the State presented sufficient evidence beyond a reasonable doubt to support Bueso's conviction for operating a vehicle while intoxicated endangering a person.

Affirmed.

Kirsch, J. and Robb, J. concur