## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 22 2019, 10:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Amanda Williams, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | March 22, 2019 <br><br> Court of Appeals Case No. 18A-CR-2600 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Amy M. Jones, Judge <br><br> Trial Court Cause No. 49G08-1707-CM-26116 |

**Crone, Judge.**

## Case Summary

Amanda Williams appeals her conviction for class A misdemeanor operating a vehicle while intoxicated endangering a person. She asserts that the State presented insufficient evidence to support her conviction. Finding the evidence sufficient, we affirm.

## Facts and Procedural History

A little before 10:00 p.m. on July 15, 2017, Scott Drum and his girlfriend were traveling westbound on Brookville Road when they stopped at a red light at the intersection of Brookville and Post Roads. While stopped, they observed a light-colored SUV that was traveling on Post Road run the red light and continue westbound on Brookville Road. Drum and his girlfriend followed the SUV. Drum's girlfriend called 911 after the SUV "swerved really bad into the southbound lane" and nearly hit an oncoming car. Tr. Vol. 2 at 12. Traffic eventually was stopped by a train that was crossing at Emerson Avenue. After the train passed, the SUV "didn't move and the cars were beeping and honking … [because] [n]obody could get around [the SUV]." *Id.*

Indianapolis Metropolitan Police Department Officer Daniel Majors was dispatched to the scene of "a possible intoxicated driver that was sitting at 300 South Emerson … that was obstructing traffic." *Id.* at 15. Officer Majors observed the driver, later identified as Williams, "passed out" in the driver's seat of the SUV with the engine running and the transmission in drive. *Id.* at 16. After Officer Majors and another officer used their squad cars to block the

front and back of the vehicle for safety purposes, Officer Majors leaned into the vehicle and put the car in park. He observed an "open hard alcohol container" in the vehicle, and he noticed a strong odor of alcoholic beverage coming from Williams's breath. *Id*. at 17. When Officer Majors awakened Williams, she appeared "[s]hocked" and "groggy." *Id.* Officer Majors observed that her eyes were bloodshot and watery, and her speech was slurred. As Officer Majors had Williams exit the vehicle, he also observed that her balance was unsteady.

[4] Officer Majors and an additional officer who had arrived at the scene, Adam Jones, escorted Williams to a nearby sidewalk to conduct field sobriety testing. Officer Jones observed that Williams's eyes were glassy and bloodshot and that her pupils were constricted. He also smelled the odor of alcohol and observed her balance to be unsteady. Officer Jones administered the horizontal gaze nystagmus test and noted that Williams failed all six factors of the test and also seemed to "nod off" a couple times during the test. *Id*. at 23. Officer Jones decided not to administer additional tests out of concern for Williams's safety. After Officer Jones read Williams her *Miranda* rights, Williams admitted to Officer Jones that she had consumed alcohol that evening and taken a hydrocodone pill. Officer Jones read Williams Indiana's implied consent law and transported her to Eskenazi Hospital. While there, Williams consented to a blood draw. The blood draw was completed at 11:32 p.m. Lab results indicated that Williams's blood alcohol content ("BAC") was .078.

[5] The State charged Williams with class A misdemeanor operating a vehicle while intoxicated endangering a person and class C misdemeanor operating a

vehicle while intoxicated. A bench trial was held on October 3, 2018. During trial, in addition to the testimony of Drum, Officer Majors, and Officer Jones, the State offered the testimony of forensic toxicologist Dr. Sheila Arnold. Dr. Arnold testified that someone with a .08 BAC would show impaired judgment, impaired vision and auditory skills, and some impaired motor skills. She further stated that it was possible for someone to show those same signs of intoxication below a .08 BAC. *Id*. at 27. The trial court found Williams guilty as charged. The trial court merged the class C misdemeanor conviction with the class A misdemeanor conviction, entered judgment of conviction on the class A misdemeanor, and sentenced Williams to a fully suspended 365-day sentence.[1] This appeal ensued.

## Discussion and Decision

[6] Williams challenges the sufficiency of the evidence supporting her conviction. In reviewing a claim of insufficient evidence, "we neither reweigh evidence nor judge witness credibility. We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Krueger v. State*, 56 N.E.3d 1240, 1243 (Ind. Ct. App. 2016) (citation

---

[1] At the conclusion of the bench trial, the trial judge first stated that she was entering judgment of conviction on both counts, but she later clarified, "Rather than judgment of conviction entered on [the class C misdemeanor] … that will be merged into count one." Tr. Vol. 2 at 32. No abstract of judgment is contained in the record, and the trial court's sentencing order makes no mention of the class C misdemeanor. So, we will presume based upon the trial judge's statement that she properly entered judgment of conviction only on the class A misdemeanor. We note that, had the trial judge entered judgment of conviction on both counts, merger alone would not have been "a sufficient remedy" for a double jeopardy violation, and it would have been necessary for us to remand for the court to vacate one of the convictions. *See Bass v. State*, 75 N.E.3d 1100, 1103 (Ind. Ct. App. 2017). Thankfully, the trial judge apparently caught her error before entering judgment of conviction on both counts.

omitted), *trans. denied*. It is "not necessary that the evidence overcome every reasonable hypothesis of innocence." *Lindhorst v. State*, 90 N.E.3d 695, 701 (Ind. Ct. App. 2017). We will affirm if there is "substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt." *Krueger*, 56 N.E.3d at 1243.

[7] Indiana Code Section 9-30-5-2(a) provides that "[a] person who operates a vehicle while intoxicated commits a Class C misdemeanor." The offense "is a Class A misdemeanor if the person operates a vehicle in a manner that endangers a person." Ind. Code § 9-30-5-2(b). Williams does not challenge the State's evidence that she operated a vehicle, or that her operating manner could have endangered any person.[2] She challenges only the sufficiency of the evidence tending to show intoxication. Indiana Code Section 9-13-2-86 defines "intoxicated" in pertinent part as under the influence of alcohol, a controlled substance, a drug other than alcohol or a controlled substance, or a combination of substances "so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Impairment can be established by evidence of the following: "(1) the consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; and

---

[2] "The element of endangerment can be established by evidence showing that the defendant's condition or operating manner could have endangered any person, including the public, the police, or the defendant." *Outlaw v. State*, 918 N.E.2d 379, 381 (Ind. Ct. App. 2009), *adopted by* 929 N.E.2d 196 (Ind. 2010).

(6) slurred speech." *Outlaw v. State*, 918 N.E.2d 379, 381 (Ind. Ct. App. 2009), *adopted by* 929 N.E.2d 196 (Ind. 2010).

[8]     Our review of the record reveals that the State presented ample evidence that Williams was impaired. Williams admitted to officers at the scene that she consumed both alcohol and a controlled substance prior to driving on July 15, 2017. Drum testified about his observations of Williams's erratic driving and subsequent passing out while waiting for the train to pass. Two officers testified at length regarding Williams's impaired attention and reflexes, her watery bloodshot eyes, the odor of alcohol on her breath, her unsteady balance, and her slurred speech. The officers both stated that, based on their training and experience, they believed Williams was intoxicated.

[9]     Still, Williams asserts that, in light of her .078 BAC test result, the evidence is insufficient to prove intoxication beyond a reasonable doubt. First, we note that although Indiana Code Section 9-30-5-2 requires proof of intoxication, it does not require proof of any BAC. Indeed, BAC is only a measure of blood alcohol content, while intoxication can involve being under the influence of alcohol, a controlled substance, a drug other than alcohol or a controlled substance, or a combination of substances. *See* Ind. Code § 9-13-2-86. Thus, as noted above, proof of intoxication concentrates on proof of "an impaired condition of thought and action and the loss of normal control of a person's faculties" and not on any test result. *Id.* The State presented sufficient evidence of impairment such that a reasonable trier of fact could have concluded beyond

a reasonable doubt that Williams was intoxicated when she operated her vehicle. Therefore, we affirm her conviction.

[10] Affirmed.

Bradford, J., and Tavitas, J., concur.