## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 25 2020, 10:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alexander L. Hoover
Law Office of Christopher G. Walter, P.C.
Nappanee, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Steven J. Hosler
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Jennifer Melissa Milburn,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

February 25, 2020

Court of Appeals Case No.
19A-CR-2038

Appeal from the St. Joseph
Superior Court

The Honorable Paul E. Singleton,
Magistrate

Trial Court Cause No.
71D06-1805-CM-1863

**Brown, Judge.**

[1]  Jennifer Melissa Milburn claims the evidence is insufficient to sustain her conviction for operating a vehicle while intoxicated endangering a person as a class A misdemeanor.  We affirm.

*Facts and Procedural History*

[2]  On May 11, 2018, the bartender at Rum Village Inn saw Milburn seated at a table with a couple of other people, asked if anyone at the table needed anything else, and Milburn declined.  Later, others at Milburn's table got up and ordered drinks, and when the bartender went to check on Milburn, she had one of the mixed drinks in front of her.[1]  Jennifer Burks was in the patio area at Rum Village Inn, which had a white privacy fence around it, when she heard a crash into the fence.  Burks walked around the fence and saw a vehicle with front-end damage and Milburn in the driver's seat.  According to Burks, "by the looks of her, [Milburn] seemed intoxicated.  Maybe a little nervous, too, because she hit the fence."  Transcript Volume II at 19.  Burks told Milburn she did not need to be driving.  Milburn pulled out into a street "driving very fast, and there was a car coming down [the street], and she about ran into that vehicle" and "that vehicle had slammed on its brakes or something."  *Id*. at 21.

[3]  South Bend Police Officer Joel Paschen responded to the scene at Rum Village Inn at approximately 8:10 p.m., spoke with witnesses, obtained a license plate number from one of the witnesses, noticed the fence was cracked and broken,

---

[1] The bartender testified her shift ended at 6:00 p.m.

and discovered a piece of plastic trim from a vehicle. After he determined Milburn was the owner of the vehicle, Officer Paschen went to Milburn's address and spoke with her at approximately 8:50 p.m. He matched the piece of plastic trim to Milburn's vehicle and noticed a white paint transfer on the front bumper. Officer Dominic Hall performed field sobriety tests at about 9:00 p.m., and Milburn exhibited all six clues of impairment during the horizontal gaze nystagmus test, all eight clues of impairment during the walk-and-turn test, and three of the four clues of impairment during the one-leg-stand test.

[4] The State charged Milburn with: Count I, operating a vehicle while intoxicated endangering a person as a class A misdemeanor; Count II operating a vehicle with an ACE of .15 or more as a class A misdemeanor; and Count III, leaving the scene of an accident as a class B misdemeanor. Following a bench trial, the court found Milburn guilty on Counts I and III and not guilty on Count II. The court sentenced Milburn to 365 days with 360 days suspended on Count I and 60 days with 55 days suspended on Count III to be served concurrently, and it ordered that Milburn serve her time on weekends.

## *Discussion*

[5] When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh the evidence. *Id.* We consider conflicting evidence most favorably to the trial court's ruling. *Id.* We affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven

beyond a reasonable doubt. *Id.* It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

[6] Milburn argues there is no evidence establishing she was intoxicated while she was operating her motor vehicle from Rum Village Inn to her residence, the bartender never served her an alcoholic beverage, and there were no observations by police of her operating her motor vehicle. As to Burks's testimony that she "seemed intoxicated. Maybe a little nervous, too, because she hit the fence," Transcript Volume II at 19, Milburn argues "Burks's ability to distinguish between nervousness and intoxication without any training should call this single statement into question." Appellant's Brief at 8-9.

[7] Ind. Code § 9-30-5-2 provides "a person who operates a vehicle while intoxicated commits a Class C misdemeanor" and the offense "is a Class A misdemeanor if the person operates a vehicle in a manner that endangers a person." "Intoxicated" means "under the influence of: (1) alcohol . . . so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Ind. Code § 9-13-2-86. Intoxication may be established through evidence of consumption of significant amounts of alcohol, impaired attention and reflexes, watery or bloodshot eyes, an odor of alcohol on the breath, unsteady balance, failed field sobriety tests and slurred speech. *Outlaw v. State*, 918 N.E.2d 379, 381 (Ind. Ct. App. 2009), *opinion adopted*, 929 N.E.2d 196 (Ind. 2010). The element of endangerment can be established by evidence showing the defendant's condition or operating manner could have

endangered any person, including the public, the police, or the defendant. *Id*. Endangerment does not require that a person other than the defendant be in the path of the defendant's vehicle or in the same area to obtain a conviction. *Id.*

[8] The trial court heard evidence that the bartender at Rum Village Inn observed Milburn with a mixed drink in front of her and that Burks heard a crash into the privacy fence around the patio area, went around the fence, saw Milburn in a vehicle with front-end damage, believed that Milburn seemed intoxicated, and told her that she did not need to be driving. The court heard Burks's testimony that Milburn pulled out into a street "driving very fast" and nearly struck another moving vehicle. Transcript Volume II at 21. Burks testified she was three or four feet from the privacy fence when the crash occurred. The court also heard testimony that Milburn exhibited numerous clues of impairment when administered field sobriety tests. The court found that the officers' testimony was "quite credible." *Id*. at 81. Milburn's arguments are merely a request that we reweigh the evidence and judge the credibility of the witnesses, which we cannot do. *Drane*, 867 N.E.2d at 146.

[9] Based upon the record, we cannot say the inferences made by the trier of fact here were unreasonable. We conclude that evidence of probative value exists from which the court as the trier of fact could have found Milburn guilty beyond a reasonable doubt of operating a vehicle while intoxicated endangering a person as a class A misdemeanor.

[10] Affirmed.

Baker, J., and Riley, J., concur.