## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 12 2020, 9:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sean P. Hilgendorf
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cynthia Miller, <br> *Appellant-Defendant*, <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff*. | May 12, 2020 <br><br> Court of Appeals Case No. 19A-CR-2911 <br><br> Appeal from the St. Joseph Superior Court <br><br> The Honorable Julie P. Verheye, Magistrate <br><br> Trial Court Cause No. 71D04-1903-CM-884 |

**Brown, Judge.**

[1]  Cynthia Miller appeals and claims the evidence is insufficient to sustain her conviction for operating a vehicle while intoxicated endangering a person as a class A misdemeanor. We affirm.

## Facts and Procedural History

[2]  On March 1, 2019, Indiana State Trooper Kyle Glaze heard the South Bend Police Department advise of a hit-and-run and responded to the scene. When he arrived, he noticed other units at the scene in a cul-de-sac and another officer speaking with Miller. Trooper Glaze observed from a distance of twenty to thirty feet that Miller was visibly swaying. He approached Miller and asked her "questions as to if she had been driving, the crash, and drinking." Transcript Volume II at 5. Miller stated that she had been driving the vehicle and had accidentally struck the other vehicle. Trooper Glaze asked about her drinking, and she admitted to drinking two beers. He noticed her speech was slurred and at times it was difficult to understand her. Trooper Glaze asked Miller which vehicle she had been driving, and she pointed to a vehicle behind her in a driveway. He did not see damage to her vehicle. He noticed minor damage to a Honda Pilot and spoke with the victims. Trooper Glaze then attempted to administer the horizontal gaze nystagmus test several times. However, Miller "seemed either belligerent or incoherent to be able to successfully follow directions in order to complete the test." *Id*. at 8. He observed her eyes were bloodshot and glossy. According to Trooper Glaze, prior to transporting her to the jail and "while observing her clothing, it appeared that her groin area was saturated wet." *Id*. at 10. Another officer transported Miller to the jail. At the

jail, Trooper Glaze administered the walk-and-turn test, and Miller exhibited seven indicators of intoxication which was considered failure.

[3] The State charged Miller with: Count I, operating a vehicle while intoxicated endangering a person as class A misdemeanor; Count II, operating a vehicle while intoxicated as a class C misdemeanor; and Count III, leaving the scene of an accident as a class B misdemeanor. At a bench trial, the State presented the testimony of Trooper Glaze. On cross-examination, when asked if he knew how much time elapsed between the neighbors reporting an accident and for the police to respond, Trooper Glaze responded he believed the approximation given by the victims was five to ten minutes. Miller's defense counsel moved for a directed verdict and argued there was "no proof that she was driving, except for what an officer had heard and provided to the Court." *Id*. at 17. The court found the State did not meet its burden with respect to Count III and granted Miller's motion for a directed verdict as to that count. The court found her guilty on Counts I and II, stated Miller admitted to drinking a couple of beers, had been driving, and hit a car, and said "[c]ertainly, that's conduct that could have endangered a person." *Id*. at 24. The court entered judgment of conviction for operating a vehicle while intoxicated endangering a person as a class A misdemeanor under Count I, sentenced Miller to sixty days with fifty-five days suspended, and placed her on probation for one year.

## *Discussion*

[4] When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting

the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh the evidence. *Id.* We consider conflicting evidence most favorably to the trial court's ruling. *Id.* We affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

[5] Miller argues that, even if she was intoxicated at the time Trooper Glaze observed her, the conclusion that she had been driving while intoxicated was based solely on speculation and not inference. She argues Trooper Glaze did not see her operate a vehicle. She argues there was no evidence to link any intoxication to the time of any operation of a motor vehicle.

[6] Ind. Code § 9-30-5-2 provides "a person who operates a vehicle while intoxicated commits a Class C misdemeanor" and the offense "is a Class A misdemeanor if the person operates a vehicle in a manner that endangers a person." "Intoxicated" means "under the influence of: (1) alcohol . . . so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Ind. Code § 9-13-2-86. To operate a vehicle is to drive it or be in actual control of it upon a highway. *Jellison v. State*, 656 N.E.2d 532, 535 (Ind. Ct. App. 1995). Circumstantial evidence is sufficient to prove that the defendant operated the vehicle while intoxicated. *Id.* Intoxication may be established through evidence of consumption of significant amounts of alcohol, impaired attention and reflexes, watery or bloodshot eyes,

an odor of alcohol on the breath, unsteady balance, failed field sobriety tests, and slurred speech. *Outlaw v. State*, 918 N.E.2d 379, 381 (Ind. Ct. App. 2009), *opinion adopted*, 929 N.E.2d 196 (Ind. 2010). The element of endangerment can be established by evidence showing the defendant's condition or operating manner could have endangered any person, including the public, the police, or the defendant. *Id*. Endangerment does not require that a person other than the defendant be in the path of the defendant's vehicle or in the same area to obtain a conviction. *Id.*

[7] The record reveals that Trooper Glaze testified that Miller admitted she had consumed two beers and that he observed that she was visibly swaying, her speech was slurred, her eyes were bloodshot and glossy, and she failed the walk-and-turn test. Further, when he asked her about the crash and if she had been driving and drinking, Miller stated that she had been driving and had accidentally struck the other vehicle. Trooper Glaze testified that he asked Miller which vehicle she had been driving, and she pointed to a vehicle in the driveway behind her. He also testified that he spoke with the victims and noticed minor damage to a Honda Pilot. Based upon the record, we cannot say the inferences made by the trier of fact were unreasonable. We conclude that evidence of probative value exists from which the court as the trier of fact could have found Miller guilty beyond a reasonable doubt of operating a vehicle while intoxicated endangering a person as a class A misdemeanor.

[8] Affirmed.

Najam, J., and Kirsch, J., concur.