## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 31 2020, 9:23 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Anne Medlin Lowe
James A. Piatt
Riley Williams & Piatt, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

René Tlatoa-Lara,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

August 31, 2020

Court of Appeals Case No.
20A-CR-792

Appeal from the Hamilton
Superior Court

The Honorable David K. Najjar,
Judge

Trial Court Cause No.
29D05-1912-CM-10455

**Crone, Judge.**

# Case Summary

[1] Following a bench trial, René Tlatoa-Lara challenges the sufficiency of the evidence supporting his conviction for class A misdemeanor operating a vehicle while intoxicated (OWI) endangering a person. We affirm.

# Facts and Procedural History

[2] The facts most favorable to the trial court's judgment are that shortly after 4:00 p.m. on December 19, 2019, Pastor Daniel Shelton of Venture Christian Church in Carmel was working in the church when he saw Tlatoa-Lara "stumbling" through the church's "office complex." Tr. Vol. 2 at 7. Shelton asked if he could help. Tlatoa-Lara, whose speech was slurred, "said that a friend had told him [they] might be able to help him with a flat tire that he had in the vehicle in the [church] parking lot." *Id*. at 8. Shelton replied, "Well, let's go look at your tire," and asked a colleague to accompany them. *Id*. Tlatoa-Lara "struggle[d] to walk […] without leaning against the wall a couple times and just seemed to struggle to stay on his feet." *Id*. Both passenger-side tires on Tlatoa-Lara's pickup truck "were shredded. Tread completely gone." *Id*. at 9. Shelton asked if Tlatoa-Lara had driven the truck to the parking lot, and he said that he had. Suspecting that Tlatoa-Lara was intoxicated and wanting to "keep him from getting in the vehicle and driving off[,]" the pastor called 911 at approximately 4:19 p.m. *Id*. at 10.

[3] Several Carmel Police Department officers responded to the call. Sergeant Ben Fisher arrived at 4:26 p.m. He noticed that the truck's tires were "shredded"

and that "there was a pretty significant odor of alcohol coming from" Tlatoa-Lara. *Id*. at 15. The sergeant asked Tlatoa-Lara "where he'd been coming from prior to ending up at this location." *Id*. at 23. Tlatoa-Lara replied that "he had been at a winery and brewery" with friends and coworkers. *Id*. The sergeant asked Tlatoa-Lara "if he knew what he hit. When asked if he had struck […] another vehicle, he said 'Oh, God, I hope not.'" *Id*. Tlatoa-Lara "was very, very confused on exactly how the damage occurred to […] the two tires on the passenger side. He seemed to have no recollection of exactly how that happened and could not offer anything." *Id*. at 23-24.

[4] Officer Brian Babczak also questioned Tlatoa-Lara, who said that "he had been coming from Urban Vines Winery in Westfield[,]" which is approximately five miles from the church, and had consumed wine and "very strong beer." *Id*. at 28. The officer administered several field sobriety tests to Tlatoa-Lara and determined "[t]hat he was impaired above the legal limit." *Id*. at 32. Tlatoa-Lara consented to a chemical breath test and was transported to the Hamilton County Jail, where he registered .180.

[5] The State charged Tlatoa-Lara with class A misdemeanor operating a vehicle with an alcohol concentration equivalent of .15 or more and class A misdemeanor OWI endangering a person. After a bench trial, the trial court found him guilty as charged, entered judgment of conviction on the latter charge, and sentenced him to 365 days, all suspended except for time served. Tlatoa-Lara now appeals.

# Discussion and Decision

[6]    Tlatoa-Lara challenges the sufficiency of the evidence supporting his conviction. In reviewing a sufficiency claim, we neither reweigh the evidence nor assess the credibility of witnesses. *Cannon v. State*, 142 N.E.3d 1039, 1042 (Ind. Ct. App. 2020). We consider only the evidence most favorable to the judgment and the reasonable inferences supporting it. *Id*. Circumstantial evidence alone is sufficient to support a conviction and need not overcome every reasonable hypothesis of innocence. *Ward v. State*, 138 N.E.3d 268, 277 (Ind. Ct. App. 2019). "[W]e will affirm the conviction unless no reasonable trier of fact could have found the elements of the crime beyond a reasonable doubt." *Cannon*, 142 N.E.2d at 1042 (alteration in *Cannon*) (quoting *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011)).

[7]    To convict Tlatoa-Lara of class A OWI endangering a person, the State had to prove beyond a reasonable doubt that he operated a vehicle while intoxicated in a manner that endangered a person. Ind. Code § 9-30-5-2(b). Indiana Code Section 9-13-2-117.5 defines "operate" as "to navigate or otherwise be in actual physical control of a vehicle[.]" Indiana Code Section 9-13-2-86 defines "intoxicated" in pertinent part as under the influence of alcohol "so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." "The element of endangerment can be established by evidence showing that the defendant's condition or operating manner could have endangered any person, including the public, the police, or the defendant." *Outlaw v. State*, 918 N.E.2d 379, 381 (Ind. Ct. App. 2009), *adopted*

*by* 929 N.E.2d 196 (Ind. 2010).  But "the State is required to present evidence beyond mere intoxication in order to prove the element of endangerment and support a conviction of OWI as a Class A misdemeanor."  *Temperly v. State*, 933 N.E.2d 558, 567 (Ind. Ct. App. 2010), *trans. denied* (2011), *cert. denied*.

[8]     Tlatoa-Lara asserts that the State failed to prove that he operated his truck while he was intoxicated and that his condition or operating manner could have endangered any person.  We disagree.  His admission to Sergeant Fisher that he had no idea how he shredded his tires supports a reasonable inference that he was intoxicated while he was operating his truck, and his driving on the shredded tires could have endangered other members of the public or himself.  Tlatoa-Lara's arguments to the contrary are simply invitations to reweigh the evidence in his favor, which we must decline.  Therefore, we affirm his conviction.

[9]     Affirmed.

Robb, J., and Brown, J., concur.